### BELL and wife *against* RAYMOND and others.

20 337
71 130

The testatrix bequeathed to her daughter *B* the one-eighth part of her real and personal estate, in cash, at a valuation made by the appraisers; to be paid to *B*, by the executor of the testatrix; subject to a deduction therefrom of the expenses which *C*, the testatrix's son, had sustained, or to which he might be subject, in the prosecution and defence of certain suits. It was also provided in the will, that such deduction, the amount being verified by the oath of *C*, and presented by the executor, should be made, before any payment should be made to *B*. The real estate of the testatrix was appraised at 3225 dollars, and her personal estate at 1836 dollars; while the debts and charges against the estate amounted to 1696 dollars, leaving 3365 dollars to be distributed under the will, of which one-eighth part is 420 dollars, $62\frac{1}{2}$ cents. The expenses of *B's* law-suits, referred to in the will, amounted to 588 dollars, 88 cents. Held, 1. that the share given to *B*, was a pecuniary legacy; 2. that it was one-eighth part of the estate after deducting the debts and charges; 3. that the qualification of the legacy to *B*, was not in the nature of a condition

subsequent; 4. that if otherwise, it did not appear to be for an improper or forbidden purpose, and was not, therefore, on that account, invalid; 5. that the amount allowed to *C* for the expenses of litigation, having been ascertained in the mode prescribed by the will, must be considered as correctly allowed.

THIS was an appeal from a decree of the court of probate for the district of *Stamford*, passed on the 3d day of *February*, 1848.

The appeal was brought by *Andrew Bell* and *Betsey Bell*, his wife, she being a daughter of *Mary Raymond*, deceased, named in her will. By this instrument, *Mary Raymond* gave to her daughter, *Betsey Bell*, the one-eighth part of her real and personal estate, in cash, at a valuation made by the appraisers of her estate ; said eighth part to be paid to her, by her (the testatrix's) executor ; subject, however, to the deduction therefrom of all the costs, damages and expenses, of every nature and kind, which her son, *Stephen Raymond*, had incurred, or to which he might be subject, in the prosecution and defence of sundry suits then pending in the superior court, between him and *Andrew Bell*, the husband of her daughter *Betsey*. It was further provided, in her will, that such costs, damages and expenses, so incurred by her son *Stephen*, or to which he might be subject, should, on the exhibition thereof, by her executor, verified by the oath of her son *Stephen*, be deducted from the part so given to her daughter *Betsey*, before any payment should be made to her. The residue of her estate, the testatrix gave to her other children and heirs at law ; and appointed her son-in-law, *Jacob Lockwood*, executor. He did not accept the office ; and *Abram Clock* was appointed administrator with the will annexed.

By the decree appealed from, the court of probate found, that the real estate of the testatrix was, by the appraisement, approved by the court, 3225 dollars, and her personal estate, 1836 dollars, 56 cents, making in all 5061 dollars, 56 cents. The debts and charges against the estate amounted to 1696 dollars, 2 cents, which, deducted from the amount of the testatrix's property, left 3365 dollars, 54 cents, to be distributed under the will ; one-eighth part of which is 420 dollars, 69 cents. The legacy to Mrs. *Bell*, the court of probate found charged, by the will of the testatrix, on her real estate ; and

whereas the personal estate, after the payment of the debts and charges, was not sufficient to pay in full the legacy to Mrs. *Bell*, with two small pecuniary legacies to persons named in the will, the court of probate ordered, that the last-mentioned legacies should be paid in full out of the personal estate, and directed a sale of the real estate of a sufficient amount to pay so much of the legacy to Mrs. *Bell*, (subject to the payment of *Stephen Raymond's* claim under the will,) as the remainder of the personal estate, after payment of the two small pecuniary legacies, should be insufficient to pay. The court of probate also found, that the costs, damages and expenses of *Stephen Raymond*, verified by his oath, and exhibited by the administrator, amounted to 588 dollars, 88 cents, which was ordered to be paid out of Mrs. *Bell's* legacy, so far as it was sufficient therefor.

The case, embracing these matters, was reserved for the advice of this court as to what judgment should be rendered on the appeal.

*Dutton* and *Carter*, for the appellants, contended, 1. That by the terms of the devise, one-eighth part of the real and personal estate, vested in Mrs. *Bell* immediately upon the death of the testatrix; and no power is given to the executor or the court of probate, to sell the land, for the purpose of paying *Stephen Raymond*. This is not a gift of an amount equal to one-eighth of the estate of the testatrix, but an absolute gift of one-eighth of such estate, subject to a certain deduction. The language of the will shows, that the testatrix never designed that payment should be made to *Stephen Raymond*, except from such personal estate as she foresaw would necessarily fall into his hands, and which she could not have supposed would be insufficient.

2. That the court of probate erred in deducting any thing from Mrs. *Bell's* share, on account of the debts of the testatrix, and the expenses of settling her estate. The will makes the *inventory* the rule to determine the exact amount of her share. As was said in another case, "the intent of the testatrix is so explicit, that there is no room left for construction." *Spalding* v. *Spalding*, 2 *Root* 272. By declaring expressly to what deductions that share should be subject, the

*Fairfield,*
*August, 1850.*

Bell & ux.
*v.*
Raymond.

*Fairfield,*
*August,* 1850.

Bell & ux.
*v.*
Raymond.

will excludes, by implication at least, any further deduction for debts or other cause.

3. That the court of probate also erred in making or allowing any deduction from Mrs. *Bell's* share, on account of the claims of *Stephen Raymond ;* because those provisions of the will, directing such payments to be made out of that share, are contrary to the policy of the law, and therefore void. They encourage him to invade the rights and claims of others, by force and violence, (*a*) instead of resorting to legal measures, and amount to maintenance of the worst kind. They also tend to deter *Andrew Bell* from asserting his just right, in a lawful way.

*Hawley* and *Ferris*, for the appellees, contended, 1. That the legacy to Mrs. *Bell* was a *pecuniary* one. It was to be, not distributed, but *paid ;* and by the *executor*, whose duty it is to pay pecuniary legacies, but who, as such, has nothing to do with the distribution of real estate ; and it was, moreover, to be *paid in cash*. Being subject to the deduction of *Stephen Lockwood's* claims, it must be turned into money, to admit of such deduction—*i. e.* that it may be paid over to him.

2. That the one-eighth part bequeathed to Mrs. *Bell*, was of the *net* estate, after payment of the debts and charges. The word *estate*, when used, not in its most general sense, but in reference to legatees and heirs, always means that estate, which *can* go to heirs and legatees ; which is only what is left after payment of debts and charges. If otherwise, and the debts and charges should take seven-eighths of the estate, Mrs. *Bell*, the legatee of one-eighth, would take *all* the disposable estate. *Briggs* v. *Hosford*, 22 *Pick.* 288. *Reed* v. *Addington*, 4 *Ves.* 575.

3. That the legacy, being payable in cash, was chargeable upon the real estate. *Jackson* d. *Townsend* & al. v. *Bull,* 10 *Johns. R.* 148. *Doe* d. *Palmer* & al. v. *Richards*, 3 *Term R.* 356. 358. *Moor* v. *Denn* d. *Mellor* in err. 2 *Bos. & Pul.* 247. *Kidney* v. *Coussmaker*, 1 *Ves.* jun. 444. *Williams* v. *Chitty*, 3 *Ves.* 545. *Stat.* 355. At any rate, if the legacy

(*a*) See *Raymond* v. *Bell*, 18 *Conn. R.* 82. to which allusion may here be made. *R.*

is pecuniary, Mrs. *Bell* cannot complain. The other devisees are the only persons, who, in that view, are aggrieved.

4. That the court of probate had a right to find the amount due to *Stephen Raymond;* because it must, in some way or other, ascertain every fact which enters into a complete settlement of the administrator's account, and of the estate. *Davenport* v. *Richards,* 16 *Conn. R.* 317. & seq.

5. That the bequest was, in all respects, valid. The testatrix had power to bequeath the property, on such terms, and subject to such deduction, as she pleased. It was, in substance, a bequest to Mrs. *Bell,* of what (if any,) should remain of one-eighth part of her net estate, after paying out of it a bequest to *Stephen Raymond*, of the amount of his expenses in the prosecution and defence of certain suits. There is no bequest of any benefit to Mrs. *Bell,* until *Stephen R.* has received his pay. The residue, if any, and that only, goes to her.

What *reasons* the testatrix had for making this disposition of her property, is immaterial. It is not improbable that her son had become involved in law-suits with *Andrew Bell,* while acting in her behalf; and that she considered herself bound to indemnify him.

ELLSWORTH, J. We see no reason for reversing the decree of the court of probate.

The share given to Mrs. *Bell* is, we are satisfied, a *pecuniary* legacy. It is to *be paid to her, by the executor,* in *money, after* an appraisal of the estate, and after paying out of the one-eighth given to Mrs. *Bell,* certain sums due from *Andrew Bell* to *Stephen Raymond.* The executor cannot make a settlement of the estate, without first ascertaining what is due to Mrs. *Bell,* as aforesaid, and raising the money, by sale, to pay her. This he has attempted; and has obtained an order from probate to raise the necessary funds. He could not have done otherwise.

The next question is, whether Mrs. *Bell's* one-eighth, is one-eighth of the *gross* estate, or of the *net* estate. We are satisfied it is the latter. The will should be read as if the testatrix had said, " after my debts are paid, I give one-eighth, &c., to my daughter, *Betsey Bell ;*" for the will has to do with *disposable* property, and not at all with that which is first paid

*Fairfield,*
*August, 1850.*

Bell & ux.
*v.*
Raymond.

out in settling the estate. *That* is not disposable. True, she might have charged her debts, legacies and the expenses, upon specific parts of the estate, to the exclusion of all the rest ; but this she has not done. In the absence of such a charge, the court can make no discrimination, but apply the general principle that the gross estate stands charged entirely, first, with that which is personal, and then that which is real, so far as the real estate is chargeable at all. This case is like *Briggs* v. *Hosford*, 22 *Pick.* 288. and *Innes* v. *Johnson*, 4 *Ves.* 568. *Spaulding* v. *Spaulding*, 2 *Root* 271. is not to the contrary. In that case, the testator charged his whole real estate with the payment of a specific sum of money.

It is further said, that the allowance to be made *Stephen Raymond*, for certain debts, and certain future disbursements by him to *Andrew Bell*, is against the policy of the law, and void ; and that as the payment is subsequent to the vesting in Mrs. *Bell* of her one-eighth, the condition must be rejected, and her said share held discharged therefrom.

We do not assent to these propositions. The charge does not, on its face, (and we see nothing else,) appear to be for an improper or forbidden purpose. Nor is the deduction of said debts and disbursements, of the nature of a subsequent condition. We cannot know but this provision was highly proper. Mrs. *Raymond* might wish to indemnify her son *Stephen* from all injury or loss, which he had or might experience, from the conduct of said *Bell*. She may have given him a deed of the property with covenants, and therefore be bound to save him harmless. She may have been the principal, and her son the agent, in what was done, out of which the controversy has arisen.

Nor do we feel the objection, that this provision may tempt to illegal and violent acts, or unnecessary litigation : the will shows nothing of this. The struggle may have been *bona fide ;* and we are not at liberty to assume what does not appear, in order to disappoint the testatrix in this apparently just and reasonable indemnity.

Besides, this is not a subsequent condition. The share of Mrs. *Bell* is not to become hers *until* the said sums to be allowed as aforesaid, are first deducted and retained. If Mrs. *Bell* claims *under* the devise, she must take according to the

terms of the devise ; and therefore, she cannot object to the testatrix's first deducting what she pleases from the one-eighth, and giving her the remainder.

Nor is there any objection to the amount allowed to *Stephen.* It was ascertained, in the first place, according to the will, by the executor, and after that, approved by the court of probate. The will expressly directs the executor to allow what *Stephen* shall attest by oath. This is the rule. If there were fraud or mistake in this proceeding, the court would give relief ; but the court itself has allowed the amount ; and having the requisite jurisdiction, we must hold that judgment proper and conclusive.

We advise that the decree of probate be affirmed.

In this opinion the other Judges concurred.

Decree affirmed.