Probate Court of Tuscarawas County.

IN RE ESTATE OF IDA A. GUTHRIE*.

Decided June 20, 1931.

*J. C. Mitchell*, for the exceptor.
*W. B. Stevens*, for the administrator.

LAMNECK, J.

Ida A. Guthrie died testate on May 22nd, 1929. In her will, she made the following provision for her surviving husband:

"I give and devise to my husband, S. P. Guthrie, one-fourth of all my property, the same to be in full of his interest in my estate and in lieu of his right to any part thereof."

When the administrator filed his distributive account, he tendered to the surviving husband one-fourth part of the assets remaining in his hands after paying debts and costs of administration. The husband filed exceptions to the account claming he was entitled to one-fourth part of the gross assets without any deductions on account of debts of the decedent or costs of administration. It is contended by counsel for the husband that the residue of

*Affirmed by the Court of Common Pleas, April 4, 1932.

an estate is always chargeable with the debts and costs and expenses of administration, and since there was a residuary clause in this Will, the costs and debts should be charged against the residue. The court agrees with counsel that where there are specific bequests or devises, the residuary estate is liable for debts and costs of administration, but in this case the question arises whether or not the words "one-fourth of all my property" constitutes a specific bequest or devise in the same sense as though it had been "one thousand dollars" or specific property.

In interpreting words or phrases used in a will, the court must give them such construction as they would import to the ordinary mind, unless they have a legal significance arising from judicial or legislative construction. When we speak of a man's estate or the amount that he is worth in property, every ordinary person construes that to mean what a person is worth after the payment of his debts. The word "property" has been defined to mean "estate" and "estate" to mean "property". Consequently, the same construction must apply to the use of the word "property" as though the word "estate" had been used.

We must, therefore, hold that this was not such a specific bequest as to make the residue liable for the debts and costs of administration. Although no Ohio decisions could be found that are applicable to this situation the court is supported in this conclusion by a number of decisions of courts in other states. In *Smith* v. *Terry*, 12 Atl. 204, it was held that the amount of a deceased person's estate is what he is worth after payment of his debts. In *Bell* v. *Raymond*, 20 Conn. 337, a bequest of one-eighth of the testator's real and personal property was held to mean one-eighth of the value of the property after the deduction of debts and charges against the estate. Other decisions of similar import are: *Wilcox* v. *Becker*, 27 Conn. 134; *Briggs* v. *Hosford*, 39 Mass. (22 Pick) 288; *Fisk* v. *McNiel*, 2 Miss. (1 Haw) 535; *In re Umbenhauer's Estate*, 12 Woodw. Dec. 231; *Reed* v. *Addington*, 4 Ves. 575; *Burwell* v. *Burwell*, 10 Pick. 19.

The exceptions will therefore be overruled, and the account is ordered approved and confirmed.