CYPRIAN WILLCOX, JUDGE vs. PHILO BEECHER AND OTHERS.

A testator by his will directed that all legal charges against his estate should be paid. He then gave to his wife the use during her life of four-ninths of his estate remaining after the payment of such charges, estimating the four-ninths at $4,000, and afterwards bequeathed to several legatees certain portions of his estate, estimating each portion at the rate of $9,000 for the whole: all the bequests at such estimated value, with the $4,000 so given to the use of the wife, amounting to $9,000. The next section of the will was as follows: " I give to my son Howard one-ninth of my said estate, absolutely, which I estimate at one thousand dollars." The testator then directed that the value of his estate should be estimated and fixed in a certain manner, and gave all the estate to B, upon condition that he should pay all charges against the same, and lodge a bond with the judge of probate, conditioned that he should provide means of payment, and pay over to the legatees of the will in money, the respective sums due them by its provisions according to the value of the estate so to be estimated. B gave the bond required and paid the

debts and charges against the estate, and paid the legatees of the will their several shares according to the estimated value of the estate, *after first deducting the amount of the debts and charges.* The value of the estate was estimated at a sum much less than $9,000. In an action brought on the probate bond at the instance and for the benefit of Howard, claiming that he was entitled to one-ninth of the *gross value* of the estate,—it was held, that by a true construction of the will, the debts and charges were first to be paid, their amount deducted from the estimated value of the estate, and the residue divided among the legatees in their respective proportions under the will, and that Howard was entitled to one-ninth only of such remainder.

Although a testator has the right to discriminate between the objects of his bounty, and give to one a share of the gross amount of his estate and to another a share of the net amount only after deducting debts and charges, yet the presumption is against such an intention, and a will will be construed in accordance with such presumption in the absence of a clear manifestation of such intention.

ACTION of debt on a probate bond given to the plaintiff as judge of probate by the defendants under the provisions of the will of John S. Moshier deceased.

The material portions of the will are as follows: " I, John S. Moshier, do hereby make this my last will and testament, in manner and form as follows: 1st. I will that all legal charges against my estate be paid. 2d. I devise and bequeath unto my beloved wife the use of four-ninths of my estate that may remain after such charges are deducted, during her life; and, if it should become necessary for her support, she may have as much of the principal sum as will render her comfortable, which said principal I estimate at four thousand dollars, more or less." The 3d, 4th and 5th sections bequeath certain ninth parts of the estate, estimating in each section the whole estate at $9,000, in trust for certain children and grandchildren of the testator. 6th. " I bequeath and devise to my son Howard one-ninth of my said estate, absolutely, (which I estimate at one thousand dollars.) 7th. I give to each of my three daughters eight-tenths of one-ninth of my said estate, (which I estimate at $800 to each one of them,) absolutely. 8th. In case my estate should exceed $9,000 after all charges are paid, then I give to my brother Frederick the excess over said $9,000, to an amount not exceeding $200. 9th. I will that the value of my said estate,

unless all the devisees and legatees herein shall agree in writing under their hands as to the value thereof, be fixed and ascertained by three disinterested persons, who shall appraise and fix the value thereof, and the value so by them fixed shall be final, so far as the devisees and legatees of this will are concerned. And I hereby will, devise and bequeath to my son-in-law, Philo Beecher, all of my estate, both real, personal and mixed, upon the following conditions, viz.: He shall lodge with the court of probate having jurisdiction of my estate, within thirty days after my decease, a writing, signed by him, signifying his acceptance of the provisions of this will. He shall pay all legal charges against my estate and the cost of the settlement thereof. He shall likewise, in the same period of time, lodge a bond with the judge of said court, with sufficient surety, conditioned that he will provide the means of payment and pay over to the aforesaid several legatees and devisees, in money, at such times and under such circumstances as is herein before provided, their respective several proportions, or the use and income thereof as before provided, according to the value of my said estate, to be fixed or agreed upon as aforesaid. And in case he shall so comply with said conditions, then all of my said estate shall become vested in him, absolutely, in fee simple, and in his heirs and assigns for ever. But in case he shall neglect to comply with said conditions, and to accept of the provisions of this will, then my son Howard may immediately have and become vested with the full title to all of my said estate, upon the same terms and conditions, provided he shall signify, in like manner, his acceptance of the said provisions of this will, within ten days after the expiration of the time limited for the said Philo Beecher; and all the previous bequests shall be construed so as to be consistent with this 9th article."

The defendant Beecher accepted the trust created by the will, and, with the other defendants as sureties, gave a bond to the court of probate, the condition of which, after setting forth the execution and approval of the will, the appraisal of the testator's property under its provisions and the acceptance of the trust created by it, concluded as follows: " Now therefore, if the

said Philo Beecher shall pay all legal charges against the said estate of the said John S. Moshier, deceased, and the costs of the settlement thereof, and shall provide the means of payment and pay over to the several devisees and legatees named in said will, in money, at such times and under such circumstances as is therein provided, their respective several proportions of said estate, according to the value so appraised and fixed as aforesaid, or the use and income thereof as therein provided, and shall comply with all the conditions of said will on his part to be complied with, then this obligation shall be null and void; otherwise to remain in full force." The suit was brought for the sole benefit of Howard Moshier, who had received before its commencement from Beecher one-ninth part of the net proceeds of the estate after the payment of the debts and charges against it. The whole estate was valued by the appraisers under the will at $6,166.16, and the debts and charges against it and costs of settlement amounted to $1,535.37.

The defendants pleaded full performance, and the only question in the case was, whether, by the true construction of the will, Howard Moshier was entitled to receive one-ninth part of the gross amount of the estate, or of the net amount of the same after payment of the debts and charges against it; it being admitted that in the former event judgment should be rendered for the plaintiff, and in the latter for the defendants. The superior court rendered judgment for the defendants, and the plaintiff brought the case before this court by motion in error.

*Wooster*, in support of the motion.

*Webster*, contra.

STORRS, C. J. We think that the decision of this case must depend upon the question, whether, by the true construction of the will before us, Howard Moshier, the son of the testator, is entitled to one-ninth of the gross value of the estate of the testator, without deducting the amount of the

legal charges against his estate and the cost of its settlement, or that proportion of its net value only after such deduction; for in our opinion the condition of the bond on which this action is brought only requires, in regard to the said Howard, for whose benefit in part the testator's estate is devised to the defendant and for whose sole use this suit is brought, that the defendant should pay over to him the proportion of the estate given to him by the will, according to the value thereof as fixed in the mode provided in the will, after such estate should be sold by the defendant.

We do not accede to the claim of the plaintiff, that there is any thing in the language of that bond which, independent of the provisions of the will, requires the defendant to pay out of his own estate the legal charges against the estate of the testator and the costs of the settlement thereof, over and above the gross value of the estate. The condition of the bond is, that he shall pay such charges and costs, and pay over to the legatees for whose benefit the estate is devised to him, not such gross value of the whole estate according to the value appraised and fixed as aforesaid, but the respective several proportions of said legatees in said estate, or of the use and income thereof given to them in the will according to the value of their said proportions of said estate. And when we determine whether, by the true meaning of the will, their proportions are to be received by them out of the gross value of the estate, or only out of its net value after the deduction which has been mentioned, we ascertain whether the plaintiff is entitled to recover in this suit on the behalf of the said Howard, it being conceded that the defendant has paid to him the one-ninth part of said net value. We are thus brought to determine what is the true construction of the will in respect to the proportions of the estate given to the said legatees.

The plaintiff claims that, by the conditions annexed in the ninth section of the will to the devise of all the testator's estate to the defendant, the latter is required to pay all legal charges against the estate and the costs of its settlement, and also to the legatees their proportions of the full value of the

whole estate according to the appraisal thereof agreeably to the previous provisions of the will.    On this point the plaintiff has fallen into the same error in regard to the language of the will that we have before noticed in his claim as to the condition of the bond.    This part of the will, after requiring that the defendant should pay the legal charges against the estate and the cost of settling it, provides only that he shall likewise lodge a bond with the court of probate, with sufficient surety, conditioned that he shall provide the means of payment and pay over to the legatees in money at such times and under such circumstances as is therein provided, their respective several proportions, or the use and income thereof, as before provided, according to the value of the testator's estate to be fixed as aforesaid; which is obviously quite different from a requirement that he should pay over to them respectively a proportion of the whole value of the estate.    We are still then to inquire what were the respective proportions of the estate which were given to the legatees.    The plaintiff, in addition to the claims on his part which we have already disposed of, relies upon the provision in the sixth clause of the will, in which the testator gives to the said Howard one-ninth of his estate absolutely.    If there were nothing in the other parts of the will to explain or qualify the terms of this bequest, or to show that the estate to which it refers was intended to embrace less than one-ninth of the testator's whole estate, there might perhaps be room for the claim that the said Howard is entitled to the one-ninth of the whole estate.    But in looking at the other parts of the will, and especially at those that precede that bequest, it is quite clear that, by the *said estate* mentioned in that bequest, was only intended that part of the testator's estate which should remain after the legal charges against his estate should be paid.    And if this be so, the said Howard takes by that bequest only the one-ninth of the value of the estate remaining after the deduction of such charges.

The testator commences his will by directing, as preliminary to the disposition of his property, that all legal charges against his estate should be paid.    From this provision an

inference, although not a decisive one, fairly arises, that this was intended to be done before the subsequent disposition of his property should be made; because, for the purpose of such disposition, he had power over that part of his estate only which would remain after such charges were paid; and although it was competent for him to discriminate in this respect as between the objects of his bounty, it would not be presumed that he intended that they should share in any part of his estate excepting what should be left after paying the charges against it, in the absence of a clear manifestation of such intention. But in the present case there is not only no such manifestation, but it is clear that only such remaining part was intended to be subsequently disposed of; for, next preceding the provision above mentioned, is a devise to his wife expressly of the use of four-ninths of his estate only that might remain after such charges are deducted; and in the succeeding bequests to his legatees of the proportions therein mentioned of his estate, including his son Howard, he expressly gives to them their proportions of that part of his estate only of which he had before given to his wife a proportion of the use during her life ; for he gives to said legatees proportions of the same estate only which had been before mentioned in the devise to the wife, and that devise was only of the use of a proportion of the net estate remaining after the payment of the charges against it. From the language of these provisions it is plain that the subject of them was not the whole of the testator's estate, but only such net part of it. And this intention is further evinced by the eighth clause, succeeding those legacies, by which the testator gives to his brother Frederick, if the estate should exceed nine thousand dollars, the excess of the amount, not exceeding two hundred dollars. The same intention is still further shown by the eleventh clause of the will, which provides that if neither the defendant nor the said Howard should accept the previous provisions of the will, the executor should sell the testator's estate to the best advantage, before any distribution of the several legacies or devises or portions therein named is made, and that the same should be

made and set apart in money. It is plain that, in the absence of such acceptance, it was the testator's intention that the duty, which would otherwise devolve upon the defendant or said Howard, should be imposed on the executor in respect to the legatees, and it clearly could not be claimed in that case that the executor would be obliged to pay over to them the whole gross value of the estate, and to pay the charges against it and the expenses of settling it out of his own pocket. That the testator intended, in the bequests for the benefit of his children and grandchildren, to give them an interest in any other part of his estate than that of which he had given to his wife the use of a part, is further most strongly and indeed decisively shown by the circumstance that he estimates in his will the value of each of the proportions of his estate which he bequeaths, at such a price as to show that the proportions given to his wife and children and grandchildren respectively were to be of the net value of his estate only. The four-ninths of his estate, the use of which is given to his wife, being expressly only of such estate as should remain after the charges against his estate were deducted, is estimated by him in his bequest to her at the sum of four thousand dollars, being one thousand for each ninth, or nine thousand dollars for the whole after such deduction. In the subsequent provisions for the benefit of his children and grandchildren, the ninths and the proportions of one-ninth which are given to them respectively, are estimated at the same rate, and this estimate is particularly expressed in each bequest to them; showing conclusively that the testator intended to give to each of those legatees a proportion of the same part of his property, and that such part was only what should remain after the charges against the estate should be paid. And the whole of the legacies amount, according to his estimate, to nine thousand dollars, the value which he had put on the net value only of his property.

The plaintiff has taken it for granted that, by the terms of this will, the defendant will be entitled, after the death of the testator's wife, to the part of the estate of which the use is given to her which may remain unexpended; and, from the

amount which will probably so remain, seeks to derive an inference that the burden of paying the charges on the estate was to be borne by the defendant. If he would be so entitled, (a point which we need not determine,) it is so uncertain whether any or what part of the provision intended for her use will be left at her death, that any inference from that source would be of the most doubtful character, and we are induced to think that the testator as well as the defendant expected that no more would remain unexpended than would be a fair compensation to the latter for his services and trouble under the will; at all events, any inference to be derived from this source is too weak to control or affect the other considerations to which we have adverted.

The judgment complained of is therefore affirmed.

In this opinion the other judges concurred.

Judgment affirmed.