JOHN W. MARTIN *et al.*

*v.*

JOSEPH S. MARTIN.

*Opinion filed December 22, 1897.*

1. CONTRACTS—*when verbal contract affecting interest in land may be enforced regardless of Statute of Frauds.* A verbal contract affecting an interest in land may be enforced in equity notwithstanding the Statute of Frauds, where it has been so far performed that its repudiation by one party would perpetrate a fraud upon the others.

2. PARTITION—*tenant in common may be estopped by agreement to demand partition.* A tenant in common will be estopped to demand partition, by his agreement with the other co-tenants to hold the lands in common and lease them until a period of temporary depression in the value of land should pass away, where such agreement is so far performed as that leases were made to parties who were in possession, and their terms not expired, when the bill for partition was filed.

APPEAL from the Circuit Court of Whiteside county; the Hon. JAMES SHAW, Judge, presiding.

This was a bill in chancery filed on March 21, 1897, in the circuit court of Whiteside county, by Joseph S. Martin, against John W. and David L. Martin, Sarah Jane Dillon, and others. The bill alleges that one Catherine

Martin died July 23, 1863, possessed of certain lands described in the bill, and that she left surviving her, her husband, John Martin, and four children, viz., Joseph S. Martin, the complainant, John W. Martin, David L. Martin and Sarah Jane Dillon, (*nee* Martin,) to whom the title to said land descended, the husband taking an interest as tenant by the curtesy, and each of her said children taking an undivided one-fourth interest subject to the rights of the tenant by the curtesy; that said John Martin departed this life on the 16th day of May, 1896, seized in fee of the title to certain other lands specifically described in the bill, which said last mentioned lands descended to his said children, (he having no widow,) the said Joseph S. Martin, John W. Martin, David L. Martin and Sarah Jane Dillon, and that the said children of the said Catherine and John Martin, being the complainant in the bill and the hereinbefore named defendants thereto, thereby became seized of and are the owners of the undivided one-fourth each of the lands of which their deceased parents died seized, as aforesaid. The bill prayed for partition of the lands. The bill also alleged that in the conveyance of the title to the lands to Mrs. Martin an error was made in the description to one of the tracts, and made defendants to the bill the legal heirs and devisees of the grantor in the deed wherein the alleged mistake occurred, and prayed for a decree correcting such alleged error. The bill also made defendants thereto certain parties which the bill alleged were in the possession of different tracts of the land under leases executed by said complainant and the other heirs of John and Catherine Martin, since the death of said John.

Default was entered against Sarah Jane Dillon, and John W. and David L. Martin filed an answer to the bill. The answer, among other things, averred, in substance, that soon after the death of the father of the complainant and the respondents, the complainant and the respondents, in view of the fact the salable values of real estate

had become greatly, but, as the parties believed, only temporarily, depreciated in value, entered into a verbal agreement they would not seek to divide the lands but would allow them to remain as they were, and would jointly rent them and divide the rentals, and that each of the respondents and the complainant, who were engaged in the real estate business, would endeavor to obtain purchasers, and then all would join in a conveyance if a satisfactory sale could be obtained; that it was further agreed that the said complainant and the respondent David L. Martin should take charge and control of the lands; that in pursuance of such contract the lands were rented to the parties named in the bill as tenants in possession, for terms expiring March 1, 1898, and that leases were executed by the said respondents, the complainant and the said Sarah Jane Dillon to each of said tenants, entitling him to possession of the land until the said first day of March, 1898, upon terms and conditions set forth in the said leases.

Exceptions were filed by the complainant to such averments of the answer, and the court sustained the exceptions and ordered the said averments expunged. Such further proceedings were had in the case as that the court entered a decree correcting the error in the description of the lands in the deed to Catherine Martin, and declaring that the complainant, the respondents and the said Sarah Jane Dillon were the owners in fee of each an undivided one-fourth of the lands in the bill described, and decreeing partition thereof and appointing commissioners to make such partition. The commissioners so appointed reported the property was not susceptible of division among the owners thereof, which report was approved and a decree entered ordering the lands to be sold by the master and the proceeds to be divided among the owners thereof. This is an appeal prosecuted by John W. and David L. Martin to reverse the decree of partition and sale.

H. C. WARD, for appellants.

WALTER STAGER, for appellee.

Mr. JUSTICE BOGGS delivered the opinion of the court:

A single question is presented by the record, and that is whether the court correctly ruled the exceptions to the answer were well taken. The general rule is, an adult tenant in common may demand partition as a matter of right. (*Hill* v. *Reno*, 112 Ill. 154; *Trainor* v. *Greenough*, 145 id. 543; *Ames* v. *Ames*, 148 id. 321.) But there are certain well recognized exceptions to the rule. In *Hill* v. *Reno*, *supra*, an instance of such exception is stated in the following language (p. 161): "If several tenants in common or joint tenants should covenant between themselves that the estate should be held and enjoyed in common, only, equity would not, in the absence of special equities, award a partition at the suit of some of the parties, against the objections of the others." And this court in the same case expressly declared "that equity will not award a partition at the suit of one in the violation of his own agreement. * * * The objection to partition in such cases is in the nature of an estoppel." Mr. Freeman, in his work on Co-tenancy, (sec. 457,) declares the absolute right to partition is possessed by an adult tenant in common in the absence of "special obligations existing independent of the co-tenancy." The conclusion reached by the author of that portion of the American and English Encyclopedia of Law devoted to the subject of "Partition" (17 Am. & Eng. Ency. of Law, p. 693,) is, that the absolute right to a partition may be waived by agreement. The Supreme Court of Michigan, in *Eberts* v. *Fisher*, 54 Mich. 294, held that a tenant in common might become estopped, by his agreement, to demand partition, and that an agreement to lease the premises for a term of years, shown to have been made in the case, was sufficient to warrant a decree dismissing the bill for partition.

It seems clear, upon both principle and authority, a tenant in common may become estopped to demand partition by his covenant the land shall be held in common.

But it is urged in behalf of complainant, the agreement set out in the answer in the case at bar was verbal, merely, and therefore not enforceable, by reason of the familiar provision of the Statute of Frauds and Perjuries that no one shall be charged upon a verbal contract concerning any interest in lands. The complainant came, by his bill, into a court of equity; and the equitable rule is that a verbal contract affecting or concerning an interest in lands may be enforced, notwithstanding the Statute of Frauds and Perjuries, if it has been so far performed as that to permit the party to repudiate it would of itself be a fraud. (*Morrison* v. *Herrick*, 130 Ill. 631; *Koch* v. *National Union Building Ass.* 137 id. 497.) It appeared from the averments of the answer that the complainant and respondents mutually agreed with each other that "they would not seek to divide the land in view of the fact the salable value of real estate had been greatly, but, as the parties believed, only temporarily, depreciated in value, and that the complainant and respondent David L. Martin should take charge and control of the lands," and that the complainant and the respondents would endeavor to secure purchasers for the land at satisfactory prices, etc. The answer further alleged that the complainant and defendants joined in leasing the lands to different tenants for terms expiring on the first day of March, 1898, and that such tenants were in possession of the lands under said leases. It does not appear from any averment of the answer that the parties agreed upon a definite period of time during which neither should take steps to have the lands partitioned. It clearly appears that the agreement was entered into upon the mutual understanding of the parties that the real estate was so situate it could not be partitioned, and that an effort to divide it by proceedings in court would result in a sale of the land and

distribution of the proceeds of the sale, and that the purpose of the agreement was to avoid a sacrifice of the land at a forced sale while values were depreciated. It was not practicable, therefore, for that reason, to fix a definite period for the expiration of the agreement, but it is manifest from the acts of the parties in jointly leasing the lands and vesting the tenants with full right of possession and control thereof until the first day of March, 1898, that it was their intention the said agreement should remain in full force until that time, and no reason is perceived why the agreement, if otherwise enforceable, should not be regarded as binding the parties to refrain from seeking to partition the lands until such leases should expire. The execution of the leases would necessitate a sale subject to the rights of the lessees, should such a sale be made prior to the termination of their leases, and for that reason would tend to further reduce the price likely to be received for the property. The leases were in part performance of the verbal agreement, and in character such as to evince they would not have been executed · but for the agreement. The execution of the leases and the investiture of possession in the tenants so changed the situation and rights of the parties as to make a repudiation of the agreement so unjust and unfair that equity ought not permit it to be repudiated. It would be inequitable to allow the complainant, while seeking the aid of a court of conscience, to invoke the Statute of Frauds to enable him to avoid an agreement which he had so partly performed, and which agreement, if enforced, would operate to estop him from asking the relief prayed for by his bill. The mutual undertakings of the parties to the agreement supplied the requisite consideration to uphold it.

We think the court erred in sustaining exceptions to the answer. The decree awarding partition of the lands must be and is reversed and the cause remanded to the circuit court, with instructions to overrule the exceptions to the answer. The decree rendered in answer to the

prayer of the bill that the error or mistake in the description of the property in the deed executed to Catherine Martin be corrected, is affirmed.   The costs in this court will be taxed to appellee, Joseph S. Martin.

*Decree affirmed in part.*