PAGE, Respondent, vs. McMILLAN and others, Appellants.

*April 2—April 22, 1902.*

*Partition of land: Estoppel.*

In the absence of an agreement between the purchasers of land,
either before or after the purchase, that it should be conveyed
to a corporation thereafter to be organized, one of such pur-
chasers will not be estopped from claiming partition on the
ground that he ought to convey his interest to the corporation.

APPEAL from orders of the circuit court for Clark county:
CHAS. M. WEBB, Judge. *Affirmed.*

This is an action for partition of certain real estate. The
plaintiff and the defendants *John D. McMillan, John Pau-
lus,* and *Lamont E. Brown* each owned an undivided one-quar-
ter interest. The other parties are the wives of the owners.
The answer sets up an agreement on the part of the present
owners to purchase the property, and to convey it to a cor-
poration thereafter to be organized; that such property was
purchased, the corporation was formed, and the defendants
executed a deed to it, but plaintiff refused to carry out his
part of the agreement. The corporation was not made a
party. The defendants set up the same facts by way of coun-
terclaim, and asked that the plaintiff be decreed to carry out
his contract. The court found that no such contract was made,
either before or after the purchase of the land; that the de-
fendants had not conveyed their interest in the land to the
corporation; and that the plaintiff had not done any act in
dealing with the property that ought to estop him from claim-
ing partition. He thereupon entered the usual order of par-
tition, and directed a reference as required by the statute.
The referee reported that the lands could not be partitioned,
and that the interests of the parties would not be promoted
by platting the same. Thereupon the court entered an order

directing a sale of the premises. The defendants appeal from both said orders.

For the appellants there was a brief by *J. R. & C. R. Sturdevant,* attorneys, and *Chas. F. Grow,* of counsel, and oral argument by *J. R. Sturdevant.*

For the respondent there was a brief by *S. M. Marsh* and *L. M. Sturdevant,* and oral argument by *Mr. Sturdevant.*

BARDEEN, J. The evidence in this case was considerably in dispute. The trial court had the witnesses before him, and he also had advantages toward determining their credibility, and the weight to be given to the various circumstances detailed in evidence, not possessed by us. In his written opinion the court sets forth his conclusions as follows:

"In the present case the agreement, if made, was not in writing, and it is disputed that one was made. It is evident that the defendants intended that a corporation should be formed, and two of them expressed an unwillingness otherwise to engage in the proposed enterprise. The matter was at some time or times discussed in plaintiff's presence, and there is no evidence that he was particularly averse to the formation of a corporation, although he swears that he heard no such talk until after the purchase from Hiles was completed. He denies unqualifiedly that at any time he agreed to incorporate or to convey his interest to a corporation. It is apparent from all the testimony that the plaintiff was very desirous from the beginning that Marsh, a practical mill man, should have an interest in the enterprise, and should have charge of the operation of the mill, and that he cared very much more about that than as to the character of the proprietorship,—whether a corporation or a copartnership. He had encouraged Marsh to understand from the beginning that the latter should have an interest in the business, and himself understood that such arrangement would be acceptable to the defendants. When the parties met, July 21st, to perfect their business plans, the defendants declined to allow Marsh to become a responsible proprietor, and the plaintiff then and there refused to proceed further for that reason

only.  His action at that meeting amounted to a declaration by him that he would not proceed further in the enterprise unless Marsh should be given an opportunity to join it.  The evidence, as a whole, fails to prove that the plaintiff at any time understood that the formation of a corporation, and the conveyance to it when formed, were conditions upon which the purchase of the property was made or agreed upon by the parties.  Nor does the evidence satisfactorily show that the plaintiff knew or understood on the 21st of July, or at any time before the bringing of this action, that a corporation had been in fact organized.  Such being the effect of the evidence in this behalf (without discussing it in considerable detail), it cannot be held that the plaintiff has done any act which precludes or estops him from insisting upon partition of the premises.  There was probably no corporation *de facto*, much less a corporation *de jure,* when this action was commenced.  No capital stock had been issued or subscribed for, no valid deed by defendants to the corporation had been executed or delivered, and consequently no stock had been, to any extent, paid for.  The real estate was assessed to and the taxes thereon were paid by the parties as individuals, while the personal property bought and used in carrying on the business was never attempted to be conveyed to the corporation at any time.  It is very probable that the defendants understood that the proposed corporation was not organized in fact, because of the plaintiff's refusal to join and convey his interest to it, and that they positively and publicly asserted their corporate character for the first time when they answered the complaint in this action."

An examination of the evidence confirms every statement made by the trial judge.  It is true, there is evidence tending to prove the defendants' contentions, but no such preponderance as will justify us in disturbing the conclusions reached. We do not think the circumstances are such as to warrant the enforcement of an estoppel against plaintiff.  The estoppel, to be effectual, must rest upon an agreement to purchase for the specific purpose suggested.  *Hunt v. Wright,* 47 N. H. 396.  Such agreement need not necessarily have been one which could have been legally enforced in the first instance.

If it had been so far performed on the other side that to permit the plaintiff to repudiate it would of itself be a fraud, he must abide by it in a court of equity. *Martin v. Martin,* 170 Ill. 639, 48 N. E. 924. It being found upon credible evidence, however, that no contract was made, the attempt to organize a corporation, and the alleged conveyance to it of the interests of defendants in the land in question, imposed no legal obligation upon plaintiff. There being no foundation for the estoppel, it cannot be enforced.

*By the Court.*—The orders are affirmed.