LAURA STONE KINKEAD V. ANNIE STONE MAX-
WELL *et al.*

No. 14,815   (88 Pac. 523.)

SYLLABUS BY THE COURT.

1. PARTITION—*Right of Adult Owner.*  As a general rule every adult owner of an undivided fee simple estate in real property is entitled to partition, as a matter of right.

2. ———— *Life-estate of Cotenant Not a Bar.*  In such a case the fact that the cotenant holds an estate for life only in the property will not defeat the action.

3. WILLS—*Estate Demised.*  The will involved in this case examined and held to devise an estate in fee and not for life only.

Error from Leavenworth district court; JAMES H. GILLPATRICK, judge.   Opinion filed January 5, 1907. Reversed.

STATEMENT.

THIS suit was commenced in the district court of Leavenworth county, August 19, 1905, by Annie Stone Maxwell for the partition of the real estate in controversy.   The defendants were Laura Stone Kinkead, Laura de Lavillon Kinkead, Robert Stone Kinkead, and George B. Kinkead.   On the trial the court filed findings of fact and conclusions of law, which so far as necessary to an understanding of the errors here complained of are as follow:

"FINDINGS OF FACT.

"(1)  That Robert R. Stone died October 4, 1895, seized in fee of the real property described in the petition.

"(2)  That he left surviving him as his sole heirs

his widow, Elizabeth H. Stone, and his two daughters, Annie Stone Maxwell, the plaintiff, and Laura Stone Kinkead, one of the defendants.

"(3)   That Robert R. Stone duly made and executed his last will and testament, a certified copy of which is hereinafter set forth."

"(5)   That the widow, Elizabeth H. Stone, died October 27, 1898, in Kentucky, leaving surviving her as her sole heirs her said daughters, the plaintiff, Annie Stone Maxwell, and the defendant, Laura Stone Kinkead.   No will of said Elizabeth H. Stone, deceased, has been offered for probate or probated, or admitted to record in the state of Kansas.

"(6)   That the defendant Laura de Lavillon Kinkead, born September 2, 1893, is a daughter of the defendant Laura Stone Kinkead; that defendant Robert Stone Kinkead, born August 16, 1894, is a daughter of the defendant Laura Stone Kinkead; these two are the only children of said defendant and her husband, George B. Kinkead.

"(7)   That George B. Kinkead is the husband of Laura Stone Kinkead."

"CONCLUSIONS OF LAW.

"(1)   That the plaintiff is the owner in fee of the undivided one-half of the real property described in the petition.

"(2)   That the defendant Laura Stone Kinkead is the owner in fee of the undivided one-sixth of the real property described in the petition.

"(3)   That the defendant Laura Stone Kinkead is the owner of a life-estate only, with the remainder to her heirs, in the other two-sixths of said real property, under the will of Robert R. Stone, deceased.

"(4)   That said real property in the plaintiff's petition described is not subject to partition between the parties to this action, because of the life-estate of Laura Stone Kinkead and the remainder to her heirs."

The will referred to reads:

"I, Robert R. Stone, of Lexington, Ky., do make this, my last will and testament, revoking all others:

"All the personal property of every description of which I may be possessed I wish divided into three equal parts, one part to my wife, one to my eldest daughter, Annie Stone, and the third to my youngest daughter, Laura A. Stone.   In all the real estate which

I possess in Kansas or elsewhere I will to my wife a life-estate in one-third, the other two-thirds to Annie and Laura A. Stone equally.

"My daughter Laura A. Stone being of an improvident disposition, I will that my wife shall hold all the property devised to her; this will be in trust for her benefit, she receiving the whole income during her life and then to her heirs, and this I do not from any lack of affection but from a sense of duty, in order that she may be provided for as long as she lives. I do not wish that there should be any inventory of my property.

"But my last and my dying wish, which I desire above all others, that they shall live in peace and harmony, as more of their happiness depends upon it than any property that I may leave. I want my funeral to be private and without any ostentation whatever.

"Given under my hand this March 26, 1888.

ROB. R. STONE."

"I appoint my wife, Elizabeth H. Stone, and my eldest daughter, Annie, my executors, without security.

ROB. R. STONE."

On February 27, 1892, a codicil was added, as follows:

"I reaffirm and republish my above will, executed March 26, 1888, including the clause nominating executors.

"I, however, direct that my wife is to have her one-third of my real estate absolutely and in fee simple, instead of for life, as above stated.

"Prior to making the above will I had given to each of my daughters, Annie and Laura, the sum of ten thousand dollars ($10,000). I charge this sum to each of them as an advancement, and direct that my wife shall receive that sum from my estate before making the equal distribution directed in the above will.

"I have also to-day executed a deed of trust conveying for the use of my daughter Annie a business house and lot on Main street in Lexington, Ky., which I charge to her as an advancement at the value of twelve thousand dollars ($12,000), and have also by like deed of trust conveyed for the use of my daughter Laura a farm about one and one-half miles from Lexington on the Russell pike, which I charge to her as an advancement at the value of twenty thousand dollars ($20,000). My said daughters are to respectively ac-

count for said property so advanced at said values in the division of my estate between themselves and my wife, as above directed."

*C. F. W. Dassler,* for plaintiff in error, and cross-petitioner in error, Annie Stone Maxwell.

*William Dill,* for the other defendants in error.

The opinion of the court was delivered by

GRAVES, J.: The plaintiff in error claims that the district court erred in holding that she took only a life-estate under her father's will, and also in dismissing the suit. We agree with her upon both propositions. Every owner of real estate has the right to hold and enjoy it free from the inconveniences and embarrassments incident to joint use and occupation. It is a generally recognized rule of law that the owner in fee of an undivided interest in real property is entitled to partition, as a matter of right. (21 A. & E. Encycl. of L. 1146, and cases there cited; *Martin v. Martin,* 170 Ill. 639, 48 N. E. 924, 62 Am. St. Rep. 411, and note.) This court recently held that such a suit could be maintained against a cotenant whose interest in the land was a life-estate only. (*Johnson v. Brown,* 74 Kan. 346, 86 Pac. 503.)

The district court erred, therefore, in denying these parties the right of partition, even if correct in the conclusion that the plaintiff in error took a life-estate only under the will. This conclusion requires a reversal, and the consideration of other questions seems unnecessary. But as the case will be remanded for retrial it may become important in its future progress to know what estate the plaintiff in error took in the lands in controversy under the provisions of her father's will, and we therefore deem it proper to consider that question at this time.

It is conceded that she received an estate in fee to the one-half of her mother's interest by descent. The controversy as to the extent of the estate taken by her

as devisee arises upon that portion of the will which reads:

"In all the real estate which I possess in Kansas or elsewhere I will to my wife a life-estate in one-third, the other two-thirds to Annie and Laura A. Stone equally.

"My daughter Laura A. Stone being of an improvident disposition, I will that my wife shall hold all the property devised to her; this will be in trust for her benefit, she receiving the whole income during her life and then to her heirs, and this I do not from any lack of affection but from a sense of duty, in order that she may be provided for as long as she lives. I do not wish that there should be any inventory of my property."

It is claimed that the words "the other two-thirds to Annie and Laura A. Stone equally," if standing alone, would give a fee simple estate to each of the daughters named, but that the subsequent paragraph has the effect to change this estate into an estate for life only, so far as Laura, the plaintiff in error, is concerned, and the district court seems to have adopted this view.

The intention of the testator, if ascertainable from the instrument when considered as a whole, is the universally recognized guide to be followed in the construction of wills which are ambiguous or uncertain in their terms. A further rule of construction is furnished by section 7992 of the General Statutes of 1901, which reads:

"Every devise of real property in any will shall be construed to convey all of the estate of the testator therein which he could lawfully devise, unless it shall clearly appear by the will that the testator intended to convey a less estate."

Where the meaning of a will is doubtful or obscure it will be presumed that the testator intended to make equal distribution among his children. (30 A. & E. Encycl. of L. 669; *Munday v. Broaddus' Ex'rs* [Ky.], 40 S. W. 926; *Malone v. Dobbins,* 23 Pa. St. 296; *Wilcox v. Beecher,* 27 Conn. 134.)

An examination of the will under consideration shows quite clearly that the testator intended to deal with his daughters impartially. It was plainly his desire that each of them should have the absolute ownership of the property given to her. But because of the improvidence of Laura he deemed it wise to commit the care and management of her property to her mother. Ordinarily such custody of a daughter's funds would not be regarded as a serious obstacle to the accomplishment of her reasonable wishes. The trust here reposed in the mother was not created for the purpose of affecting the ownership of the lands; its sole object was to protect and preserve the property for the use of the devisee, without otherwise limiting or decreasing her title thereto.

We conclude that the parties are entitled to partition of the lands in controversy; that Laura Stone Kinkead, the plaintiff in error, and her sister, Annie Stone Maxwell, one of the defendants in error, each own an undivided one-half interest in the lands, in fee simple; and, if it becomes necessary in the partition proceedings to sell the property, the purchaser will obtain an estate in fee simple to the whole of the lands purchased.

The judgment of the district court is reversed, with directions to proceed with the case in accordance with the views herein expressed.