HENRY BEARDSLEY *et al.* v. THE KANSAS NATURAL GAS COMPANY.

No. 15,659.    (96 Pac. 859.)

SYLLABUS BY THE COURT.

1. PRACTICE, SUPREME COURT—*Jurisdiction—Amount in Controversy.* The statute limiting the right of review in this court to civil actions where the amount in controversy exceeds the sum of one hundred dollars was repealed by chapter 256 of the Laws of 1907, and that limitation now applies only to civil actions for the recovery of money.

2. ———— *Transcript of Record—Case-made—Certification.* A certificate to a transcript of the record by the clerk of the district court, or a certificate by the district judge to a case-made, will be deemed sufficient if it be in the form prescribed by the rules of this court.

3. PARTITION—*Parties.* In a suit by the lessees in an oil-and-gas lease for a partition of their interests thereunder, the lessors are not necessary parties.

4. ———— *Statutory Provisions Apply only to Real Estate.* The provisions of the statute relating to partition apply to real estate only.

5. TITLE AND OWNERSHIP—*Mineral Lease—License.* An ordinary oil-and-gas lease does not convey an interest in real estate, or any present title to the oil and gas which may be in the leased premises; it merely grants the privilege of exploring for gas and oil, and the right to sever the same, if found.

6. PETITION—*Partition of Personal Property.* A petition in a suit for the partition of property other than real estate will be deemed insufficient unless it contains averments which show

the condition of the property to be such that equitable intervention is necessary to preserve the property or to protect the interests of the owners thereof.

Error from Montgomery district court; THOMAS J. FLANNELLY, judge. Opinion filed July 3, 1908. Affirmed.

*Joseph P. Rossiter,* and *T. J. Hanlon,* for plaintiffs in error.

*Seth H. Piper, Eugene Mackey, James W. Reid,* and *John J. Jones,* for defendant in error.

The opinion of the court was delivered by

GRAVES, J.: This suit was commenced in the district court of Montgomery county for the purpose of partitioning the rights held under an oil-and-gas lease among the owners thereof. Plaintiff Henry Beardsley owns one-half, plaintiff White one-eighth, and the defendant, the Kansas Natural Gas Company, three-eighths of the lease. B. L. and Josie Frost are the grantors in the lease and the owners of the leased premises. They were not summoned, either in this or the district court, and have not entered an appearance in the suit. The defendant demurred to the petition. The demurrer was sustained, and, the plaintiffs declining to plead further, the defendant received judgment for costs. Plaintiffs bring the case here for review.

A motion to dismiss the petition in error has been presented by the gas company, upon these grounds: (1) It does not appear by the record that the amount in controversy exceeds the sum of $100; (2) the transcript attached to the petition in error does not appear to contain the whole record; (3) the Frosts, having been named as parties defendant, should have been brought into court. The first ground of the motion is not well taken for the reason that the law limiting proceedings in error to cases which involve the sum of

more than $100 was repealed, except in actions for the recovery of money, by chapter 256 of the Laws of 1907, which took effect March 14, 1907, before the judgment herein complained of was rendered. As to the second ground of the motion, the certificates of the clerk and judge appear to be in form sufficient to make the exhibit attached to the petition in error good, either as a transcript of the record or as a case-made. Both seem to be in conformity with the rules of this court and are sufficient to confer jurisdiction. As to the remaining ground, it is sufficient to say that B. L. and Josie Frost have no interest in the litigation, are not necessary parties, and their absence is immaterial. The motion to dismiss is denied.

The petition contains two causes of action—one in ejectment and the other in partition. It is not seriously insisted in argument that ejectment will lie except when the property is real estate and the adverse party is in hostile possession, neither of which is alleged in this petition. We shall assume, therefore, that the demurrer was properly sustained to the first cause of action. As to the second cause of action, it is insisted that the petition states a good cause of action for partition, even if the property be regarded as purely personal, without any of the peculiar elements of real estate. This constitutes the real point in controversy. The property sought to be partitioned is the rights which the lessees hold under an ordinary oil-and-gas lease, the granting clause of which reads:

"That the said parties of the first part . . . have granted, demised, leased and let, and by these presents do grant, demise, lease and let, unto the said second party, its successors or assigns, for the sole and only purpose of mining and operating for oil and gas, and of laying pipe-lines, constructing tanks, buildings and other structures thereon to take care of said products, all that certain tract of land situated . . . as follows, to wit [here follows description]: It is agreed that this lease shall remain in force for the term of ten years from this date, and as long thereafter as oil or

gas, or either of them, is produced therefrom by the party of the second part, its successors, or assigns."

This court has held in several cases that such a lease grants no estate in the land or in the oil or gas which it. may contain. It merely creates a license to enter and. explore for oil and gas, and to sever them if found. (*Rawlings v. Armel*, 70 Kan. 778, 79 Pac. 683; *Gas Co.. v. Neosho County*, 75 Kan. 335, 339, 89 Pac. 750; *Phillips v. Oil Co.*, 76 Kan. 783, 92 Pac. 1119.) That such property, or indeed any property of a personal character owned in common, may be partitioned among its several owners, where the nature of the property is such that its division in kind is possible and practical, seems to be generally conceded. If the property is not susceptible of such a division, then a distribution will be made which seems to be most nearly equivalent to possession in severalty. This may be effectuated by a. sale and an equitable division of the proceeds among the owners or by an actual division of the property or otherwise, as may be equitable. The power to make such partition or division of personal property belongs exclusively to courts of equity, and they have generally exercised such power where no other remedy is provided by statute. For a full consideration of these questions, see the following cases, where the authorities are cited: 21 A. & E. Encycl. of L. 1160, 1161; Freeman, Cotenancy & Part. §§ 428, 429; Knapp, Partition, 488; *Donor v. Quartermas*, 90 Ala. 164, 8 South. 715, 24 Am. St. Rep. 778; *Pickering v. Moore*, 67 N. H. 533, 32 Atl. 828, 31 L. R. A. 698, 68 Am. St. Rep. 695; *Godfrey v. White*, 60 Mich. 443, 27 N. W. 593, 1 Am. St. Rep. 537; *Robinson v. Dickey*, 143 Ind. 205, 42 N. E. 679, 52 Am. St. Rep. 417.

No provision for the partition of personal property has been provided by the statutes of this state. The statutory provisions relating to partition apply to real estate only. The first section upon that subject reads:

"When the object of the action is to effect a partition

of real property, the petition must describe the property, and the respective interests of the owners thereof, if known." (Civ. Code, § 614.)

The other provisions indicate that the whole chapter was intended to apply to real estate only. It is urged that these provisions are broad enough to cover personal property, and might well be applied thereto. Undoubtedly personal property could be partitioned, but such provisions, having been enacted for the partition of real estate only, can not be otherwise applied. It has been held that a tenant in common of real estate is entitled to partition as a matter of right. (*Kinkead v. Maxwell,* 75 Kan. 50, 88 Pac. 523; 21 A. & E. Encycl. of L. 1146; *Martin v. Martin,* 170 Ill. 639, 48 N. E. 924, 62 Am. St. Rep. 411.) The statute seems to confer this right. It prescribes the necesary averments of the petition, and when the prescribed allegations are stated the pleading necessarily states a good cause of action. If the property sought to be partitioned is not real estate, then the petition must state facts showing sufficient reason for equitable interference.

The petition in this case appears to have been drawn upon the theory that a compliance with the statute was sufficient, and it merely states the kind of property owned by the parties and the interest of each therein. No facts are stated which indicate loss in value of the property, mismanagement, irreconcilable differences as to the disposition or control of the property, or other peculiar circumstances which justify equitable action. For the want of these facts we think the petition is insufficient, and the demurrer was properly sustained.

The judgment of the district court is affirmed.