## CLARK v. MERCER OIL CO.

No. 18501.  Opinion Filed Oct. 8, 1929.

W. J. Peterson, for plaintiff in error.

Malcolm E. Rosser, for defendant in error.

ANDREWS, J. The land involved in this action belonged to the Bockler family. Two of the adults executed an oil and gas mining lease to one Deaner; thereafter the guardian of the four minor children executed an oil and gas mining lease to Deaner, and thereafter the other adult owner executed an oil and gas mining lease to Deaner, thereby giving to Deaner three separate oil and gas mining leases, each covering the entire tract of land all granting to Deaner the entire leasehold interest in the property. Thereafter Deaner, by mesne conveyances, conveyed a one-half interest in the three leases and a one-half interest in all the personal property used in connection with the operation thereof to the defendant in error, which was the plaintiff in the trial court and which will be hereinafter referred to as plaintiff. The other one-half interest was conveyed by mesne conveyances to the plaintiff in error, who was one of the defendants in the trial court and who will be hereinafter referred to as defendant. The other defendant in the trial court disclaimed any interest in the property involved in the action.

After the acquisition of the title by plaintiff there was considerable controversy between the plaintiff and the other owners of the leasehold rights, and that controversy continued after the acquisition of the one-half interest by the defendant.

The trial of the case was complicated somewhat by the failure of the plaintiff in giving testimony to differentiate between the statements and acts of the defendant and the statements and acts of the defendant's predecessors in title. However, the record shows sufficient competent evidence to sustain the finding of the trial court, as follows:

"The court further finds that differences and disagreements have arisen between the plaintiff and the defendant, H. E. Clark, and that on account of the differences, disagreements and misunderstandings that have arisen between the parties, that it is impossible for them to carry on and operate the leases covering said land as joint owners, and that the interests of the parties require that said property be partitioned"

—and this leaves for consideration by this court three legal questions: (1) Is the particular property involved in this action subject to partition? (2) If so, can it be partitioned under the statutes of Oklahoma providing for partition? And (3) if it cannot be partitioned under the applicable statutes of Oklahoma providing for partition, can it be partitioned in equity?

The petition of the plaintiff was in regular form for partition of real estate. A general demurrer was sustained to that petition, and the petition was then amended by inserting therein a statement of facts which the trial court considered sufficient to authorize the overruling of a general demurrer thereto, and the same was done.

After making the finding hereinbefore set forth, the trial court rendered a judgment determining that the plaintiff and defendant were each owners of an undivided one-half interest in the property, ordering the same "partitioned," and appointing three commissioners to

"* * * partition and set off in severalty the above described property to and between the parties in the proportions of one-half each, and they are further ordered and directed that if they find from a view of the property that it is incapable of equitable division in kind, that they shall appraise said property at its fair and reasonable value and that they make due report of their proceedings herein to this court within 20 days from this date."

Motion for new trial was overruled, supersedeas bond was given and approved, and the cause came here on appeal from the order denying new trial.

The evidence shows that at the time of the trial the total production from the prop-

erty and the six wells located thereon was approximately ten barrels per day.

The defendant presents to this court five assignments of error, as follows:

"(1) Said court erred in overruling the motion of plaintiff in error for a new trial.

"(2) Said court erred in overruling the demurrer of plaintiff in error to the amended petition of defendant in error.

"(3) Said court erred in overruling the demurrer of plaintiff in error to the evidence introduced by defendant in error in support of said amended petition.

"(4) Said court erred in holding that the decree and judgment is sustained by sufficient evidence and is according to law.

"(5) Said court committed errors of law occurring at the trial and duly excepted to by said plaintiff in error."

In support of the first assignment the defendant contends that under the applicable statutes of Oklahoma there is no provision for the "* * * partition of an oil and gas mining lease or leasehold estate for oil and gas purposes, or for any other chattels," and that the Supreme Court of Oklahoma has never determined whether or not an oil and gas mining lease may be partitioned. He relies upon the case of Beardsley v. Kansas Natural Gas Co. (Kan.) 96 Pac. 859, in which it was said:

"No provision for the partition of personal property has been provided by the statutes of this state. The statutory provisions relating to partition apply to real estate only. The first section upon that subject, being section 5101, Gen. Stat. 1901, reads: 'When the object of the action is to effect a partition of real property, the petition must describe the property, and the respective interests of the owner thereof, if known.' The other provisions indicate that the whole chapter was intended to apply to real estate only. It is urged that these provisions are broad enough to cover personal property, and might well be applied thereto. Undoubtedly personal property could be partitioned, but such provisions, having been enacted for the partition of real estate only, cannot be otherwise applied. It has been held that a tenant in common of real estate is entitled to partition as a matter of right. Kinkead v. Maxwell, 75 Kan. 50, 88 Pac. 523; 21 Am. & Eng. Ency. of Law (2nd Ed.) 1146; Martin v. Martin, 170 Ill. 639, 48 N. E. 924, 62 Am. St. Rep. 411. The statutes seem to confer this right. It prescribes the necessary averments of the petition, and when the prescribed allegations are stated, the pleading necessarily states a good cause of action. If the property sought to be partitioned is not real estate, then the petition must state facts showing sufficient reason for equitable interference."

He admits that some courts permit partition of oil and gas leases and some deny that right.

Article 26 of chapter 80 of the General Statutes of Kansas, 1901, being sections 5101 to 5116, inclusive, is identical with article 16 of chapter 3 of the Compiled Oklahoma Statutes of 1921, being sections 479 to 494, inclusive.

We think the rule announced by the Kansas court is a proper construction of our statutes on partition and one that should be applied by this court. For that reason, we hold that no provision for partition of personal property has been made by the statutes of Oklahoma.

The case of Beardsley v. Kansas Natural Gas Co., supra, is founded on the decisions of that court that an oil and gas mining lease creates no estate in the land or in the oil and gas which it may contain, but that it merely creates a license to enter upon and explore for oil and gas and to sever it if found. The plaintiff contends that a producing oil and gas mining lease in Oklahoma is real property, and therefore subject to partition as such.

It is unnecessary to settle that question in this case, and it is sufficient to state that this court has never held that a producing oil and gas mining lease is subject to partition under the statutory provisions for partition, and that by reason of the nature of the rights and liabilities of the lessee under an oil and gas mining lease the same cannot be partitioned under the statutory provisions for partition.

Again quoting from that case, we further hold that oil and gas mining leases and "* * * any property of a personal character, owned in common, may be partitioned among its several owners, where the nature of the property is such that its division in kind is possible and practicable, seems to be generally conceded. If the property is not susceptible of such a division, then a distribution will be made which seems to be most nearly equivalent to possession in severalty. This may be effectuated by a sale and an equitable division of the proceeds among the owners, or by an actual division of the property, or otherwise, as may be equitable. The power to make such partition or division of personal property belongs exclusively to courts of equity, and they have generally exercised such power where no other remedy is provided by statute."

The question then arises, Did the amended

petition in this case contain sufficient allegations to warrant partition of the property involved herein?

We quote further from that case:

"The petition, in this case, appears to have been drawn upon the theory that a compliance with the statute was sufficient, and it merely states the kind of property owned by the parties, and the interest of each therein. No facts are stated which indicate loss in value of the property, mismanagement, irreconcilable differences as to the disposition or control of the property, or other peculiar circumstances which justify equitable actions. For the want of these facts, we think the petition is insufficient, and the demurrer was properly sustained."

The amended petition contains allegations omitted from the petition in the Kansas case. In view of the finding of the trial court as hereinbefore set forth, we think and hold that the amended petition stated a cause of action for partition of the property involved in this action in equity.

Defendant contends that the evidence was not sufficient to sustain the finding of the trial court. With this contention we do not agree.

The second, third, and fourth assignments of error are presented by the defendant together. It is his contention thereunder that the testimony of the plaintiff showed

"* * * a few little misunderstandings in the operation of the property, but, on cross-examination, admitted that in each and every instance these little differences were always adjusted satisfactorily and pleasant relations between the parties were resumed."

Notwithstanding this contention, we think that there was competent evidence sustaining the finding of the trial court as hereinbefore quoted.

The defendant says:

"The question of partitioning an oil and gas lease in the manner herein attempted by the defendant in error upon grounds alleged in said petition and upon the testimony in support thereof, is one that vitally concerns the oil and gas producers of Oklahoma, and so far as we have been able to ascertain, said question has never been before the Supreme Court of Oklahoma for decision."

With this statement we agree. The nature of an estate represented by an oil and gas mining lease and the difficulties attending the operation thereof are such as require some method of settlement of the property rights involved herein. An oil and gas mining lease usually requires the payment of rentals or the drilling of wells and the property must be protected from drainage. An owner of an interest in an oil and gas mining lease may refuse to pay his portion of the rental or the cost of development of the property.

If only the rights of the lessee were involved, a different situation might be presented, but with each oil and gas mining lease there is not only a right but an obligation, the right to enjoy the privileges of the lease and the obligation to drill or pay rental. The payment of rental upon a portion of the leased premises, under many forms of lease, will not be sufficient, and under many forms of lease the failure to pay rental on a portion of the leased premises will defeat the lease on the entire tract. The drilling of a well on a portion of the leased premises will obviate the necessity for paying rental on the remainder of the tract. These and many other reasons show clearly that the fixed rules of law are not sufficient to protect the rights of the parties and that partition may be had only in a court of equity with power to adjust all of the equities presented by the facts in particular cases. While the Legislature has not seen fit to provide a method for partition thereof, the general equity power of our court is sufficient.

The record in this case does not disclose the form of the oil and gas mining leases involved in this action, but it does disclose that there are three distinct leases covering undivided interests in the property. There are six producing wells on the property and locations which have not yet been drilled. It is not necessary for this court to indulge in any extended discussion of the rights and liabilities of the lessee under an oil and gas mining lease. The additional expenditures necessary for development of two tracts over that necessary for the development of one tract; the fact that under many leases payment of rental on the entire leased tract is necessary to prevent forfeiture of the entire lease; a well drilled on one portion of the leased premises will continue the lease on the entire leased tract; the leased premises must be protected from drainage, and the inability of any court to determine what, if any, portion of the leased premises will produce oil or gas, are, among others, reasons why partition of this character of property must be in a court of equity. The court, in making partition thereof, should take into consideration the many complex problems presented by reason of the nature of the property to see that the partition thereof is

such as to protect the rights of all of the owners interested therein.

The judgment in this case provides for the appointment of three commissioners. This, we think, the court, as a court of equity, has a right to do, but inasmuch as this is the first expression of this court on this subject, we desire to state that the report of the commissioners so appointed will be only advisory to the court, and that the commissioners so appointed will not have the authority given to commissioners under the statutory provisions for partition. The judgment of the trial court is affirmed.

MASON, C. J., LESTER, V. C. J., and HUNT, RILEY, HEFNER, and SWINDALL, JJ., concur. CLARK and CULLISON, JJ., absent.

Note.—See under (2) 20 R. C. L. p. 742; 3 R. C. L. Supp. p. 1101. See "Partition," 47 C. J. §66, p. 294, n. 88, 89; §225, p. 363, n. 83; §437, p. 445, n. 10; §604, p. 507, n. 51.