## LOUIS SARBACH V. MARY NEWELL, et al.

EJECTMENT; *Improvements; Decree in Partition, Affirmed.* N. obtained by a warranty deed the entire interest, as she supposed, in lot forty-three, in Holton, on January 13, 1875, and paid $800 therefor. With her husband she took actual possession of the lot, and the husband at his costs and expense erected a stone store building thereon, of the value of $3,550, which building still remains upon the lot. N. and her husband have been in the exclusive use and possession of the lot since the date of said deed, and during all the time have received the rents, issues and profits thereof. The annual value of the rents, issues and profits of the premises without the said improvement was $20, and the taxes on the lot separate from the building during all of that time amounted annually to the same sum, and were paid by N. and her husband. On the 10th day of March, 1881, one S. obtained a quitclaim deed of two-elevenths interest in the lot from certain heirs unknown to N. and her husband, and on May 21, 1881, brought his action to recover possession of his portion of the lot, and for partition. *Held,* That N. and wife are not accountable for the rents and profits of the store building, and that the decree of the trial court is not erroneous in directing that there be set off to S. two-elevenths of the premises, without the store building thereon, if the same could be done without manifest injury; but in case a sale of the property was necessary, that the proceeds should be applied — first, in payment of the costs; second, that N. and her husband be paid that proportion of the residue which the found value of the building shall bear to the appraised value of the lot, and the balance then remaining to be divided as follows: two-elevenths to S., and nine-elevenths to N.

*Error from Jackson District Court.*

ACTION by *Sarbach* against *Mary Newell* and *Samuel H. Newell*, her husband, brought May 21, 1881, in the district court, to recover the possession of six-sevenths of lot No. 43, in the city of Holton, and for partition. At the November Term of court for 1881, first trial was had. Judgment was set aside, and new trial granted. At the June Term, 1882, the cause was tried by the court, a jury being waived, and the court made and filed the following conclusions of fact:

"1. That one Phineas B. Rexford died intestate, seized of said premises in controversy, about the year 1863, and the plaintiff and said Mary Newell each derive their claim and title thereto through the said Phineas B. Rexford, deceased.

"2. That the next of kin and sole surviving heirs of said Phineas B. Rexford at the time of his death were as follows, viz.: Betsey Brown, a sister; Jabez B. Rexford, a brother; Eunice Waddle, a sister; Jordan Rexford, a brother; Ambrose B. Rexford, a brother; Susan B. Hodgson, a sister; Samuel A. Rexford, a brother; Mary A. Kenyon, a sister; William Hopkins Rexford, a brother; Rebecca K. McNutt, a sister; James P. Rexford and William H. Rexford, the sons and sole surviving heirs of Boswell Rexford, deceased, intestate, who was a brother of said Phineas B. Rexford.

"3. That the said plaintiff is the owner by purchase and deed of the interests of Mary A. Kenyon and James P. and William H. Rexford, and that the defendant Mary Newell is the owner by purchase and deed of the interests of the other nine heirs of said Phineas B. Rexford, deceased. The plaintiff purchased his interest on the 10th day of March, 1881, and the defendant Mary Newell purchased her interest on the 13th day of January, 1875.

"4. That the defendants have been in the exclusive use and possession of said premises since the 13th day of January, 1875, and during all that time have received all the rents, issues and profits thereof, and have applied the same to their own use, and wholly deprived the plaintiff and his grantors of any interest therein, and denied the plaintiff's title in and to said premises.

"5. That in the year 1876, the defendant Samuel H. Newell at his own cost and expense erected a stone store building on said lot, of the value of $3,550, which building still remains on said premises; said building was completed in June, 1876; that the said building was not necessary for the preservation of said real property, nor was the same made at the instance or request of the co-tenants of said Mary Newell, or any of them; and no notice was given them, or either of them, of the defendant's intention to make such improvements on said lot, nor was any agreement made with them by the defendants, or either of them, with reference thereto, nor had they any knowledge thereof.

"6. The annual value of the rents, issues and profits of said premises for five years next preceding the commencement of this action was $480 per annum, and since the commencement and during the pendency of this action the value of such rents, issues and profits is $480 per annum.

"7. The net annual value of the rents, issues and profits of said premises, without the improvements placed thereon

by said Samuel H. Newell, for five years next preceding the commencement of this action was $20 per annum, and since the commencement and during the pendency of this action the net annual value of the rents, issues and profits of said premises, without the improvements placed thereon by said Samuel H. Newell, is at the rate of $20 per annum, and the taxes on the vacant lot during all that time amount to $20 per annum, and have been paid by the defendants."

And thereon the court found as conclusions of law:

"1. That the plaintiff is seized in fee of the undivided two-elevenths (2-11) part of said premises, and the defendant Mary Newell is a tenant-in-common with the plaintiff in said property, and seized in fee of the undivided nine-elevenths (9-11) part thereof.

"2. That the plaintiff is entitled to recover against the defendants the two-elevenths (2-11) part of said premises.

"3. That the plaintiff is not entitled to recover any sum for rents, issues and profits of said property, or any damage for the withholding thereof.

"4. That the plaintiff is entitled to an order and decree for the partition of said premises, in accordance with the interests of the respective parties therein, as specified in the first conclusion of law.

"5. That the defendant Samuel H. Newell has an equitable lien on said premises for the sum of $3,550, the value of the improvements by him made on said premises.

"6. That the order of partition to be issued to the commissioners appointed to make partition should direct them to set off to the plaintiff the two-elevenths (2-11) part of said premises, without the stone store building thereon, if the same can be done without manifest injury; but if such partition cannot be made without manifest injury, that said commissioners should appraise the value of the lot without the stone store building.

"7. That in case of sale of the said property the proceeds thereof should be applied as follows, to wit: 1. In payment of the costs of these proceedings, including attorney's fees hereafter to be ascertained and taxed; 2. That said defendants be paid that proportion of the residue which the found value of the building shall bear to the appraised value of the lot, and the balance then remaining shall be divided as follows: Two-elevenths (2-11) to the plaintiff, and nine-elevenths (9-11) to the said Mary Newell."

Thereon the court adjudged and decreed that in case of a sale of the property the proceeds arising from such sale should be applied as follows:

"1. In payment of the costs of this proceeding, including attorney's fees hereafter to be ascertained and taxed.

"2. That said defendants be paid that proportion of the residue which the found value of said stone store building shall bear to the appraised value of the lot, and the balance then remaining shall be divided as follows: two-elevenths (2–11) to the plaintiff, and nine-elevenths (9–11) to the said Mary Newell."

The plaintiff brings the case here.

*Jas. H. Lowell*, and *Hayden & Hayden*, for plaintiff in error.

*Hoaglin, Keller & Osterhold*, for defendants in error.

The opinion of the court was delivered by

HORTON, C. J.: Upon the findings of fact made and filed by the trial court, it was adjudged that the plaintiff is seized in fee of the undivided two-elevenths of the premises in controversy, and the defendant Mary Newell is a tenant-in-common with him, and seized in fee of the undivided nine-elevenths thereof. Thereon, it was ordered that partition be made as follows: The commissioners to set off to plaintiff two-elevenths without the stone store building, if the same could be done without manifest injury; but if this partition could not be made without manifest injury, then the commissioners should appraise the value of the lot without the stone building, and upon a sale of the property the proceeds should be applied as follows: First, in payment of the costs, including attorney's fees; and second, that defendants be paid that proportion of the residue which the found value of the building shall bear to the appraised value of the lot, and two-elevenths of the balance of the proceeds to go to the plaintiff, and nine-elevenths thereof to the defendant Mary Newell. It is claimed on the part of the plaintiff in error, that the defendants should not only be denied compensation for the improvements, but

should be held accountable for rents and profits also. The defendant Mary Newell is the wife of her co-defendant Samuel H. Newell, and purchased from Hiram McNutt, by warranty deed on January 13, 1875, the entire interest as she supposed in the premises, and paid the sum of $800. The plaintiff purchased the interest of Mary A. Kenyon, James P. and William H. Rexford by quitclaim deed, on March 10, 1881, for $50. In the year 1876, the husband of Mary Newell (her co-defendant) erected the stone store building, of the value of $3,550. This building was completed in June, 1876, and still remains on the premises. The value of the rents, issues and profits of the premises without the improvements did not exceed the taxes assessed thereon. Neither the plaintiff nor any of his grantors paid any of these taxes, but they have all been paid by the defendants. Whatever was done by Samuel H. Newell in the way of improving the premises, was manifestly done with the knowledge and consent of his wife Mary Newell, who with him has had possession of the premises since the date of purchase. The plaintiff's title was not obtained until long after the completion of the stone building, and only about two months before the commencement of this action; hence, defendants only denied plaintiff's title during that brief time. The rents, issues and profits of the premises separate and apart from the improvements, during the time they were in the possession of the defendants, were all necessary for the payment of the taxes; therefore no money was due plaintiff on account of such rents, issues and profits, unless defendants should be held accountable for the rents, issues and profits of the building, which was erected while they had exclusive possession thereof.

Sec. 629 of the code provides that: "The court shall have full power [in partition of real property] to make any order not inconsistent with the provisions of this article, that may be necessary to make a just and equitable partition between the parties, and to secure their respective interests." The improvements in this case seem to have been made in good

faith, the defendants supposing themselves to be legally en-titled to the whole premises, and the court below did not err under the provisions of said section and the principle of equity in making the decree complained of. (1 Story's Eq. Jurisp., §§ 655, 656; Freeman on Cotenancy and Partnership, §§ 509, 570.)

In the case of *Scott v. Guernsey*, 48 N. Y. 106, William Guernsey erected the buildings, not as having any interest in the property, but on a special agreement with the tenant for life. In that case, it was decided when the life tenant died, the property as it stood with the buildings on it, belonged to the heirs, and that as William Guernsey continued to occupy it knowing all the facts, he was required to pay the full value of his occupation. In *Austin v. Barrett*, 44 Iowa, 488, Wilson, the grantor of Barrett, purchased an undivided one-tenth of the premises in dispute, and while it was his duty to pay the taxes on the premises, omitted so to do for the express purpose of permitting the land to be sold for taxes, to the end that he might become the purchaser, and thus cheat and defraud the other owners. After Wilson sold and conveyed his interest to Barrett, the defendant Barrett obtained a tax deed upon the tax certificate obtained by the fraud of his grantor, and when tendered the money that he had paid out for taxes and other expenses, refused to take the money or make any settlement, on the ground that he had a good title to the land under such tax deed obtained to cheat and defraud his co-tenants. Neither of these cases is parallel to the one at bar, and they therefore do not conflict with the principles embodied in the judgment of the trial court.

The order and judgment of the district court will be affirmed.

All the Justices concurring.