No. 34,954

EARL R. DRAKE, *Appellee*, v. FRONA T. DRAKE et al., *Defendants*. THE HOME-STAKE ROYALTY CORPORATION, J. G. CATLETT, THE ROYALTY CORPORATION OF AMERICA, W. F. HOWELL, LUCINDA HOWELL, GLENN C. WOOLLEY, ALLENE WOOLLEY, E. C. MONCRIEF, BERTHA MONCRIEF and ALEX W. MCCOY, *Appellants*.

(109 P. 2d 77)

Opinion filed January 25, 1941.

*Mark H. Adams, Charles E. Jones, Herman W. Smith, Joseph G. Carey, W. F. Lilleston, George C. Spradling, Henry V. Gott, George Stallwitz, A. M. Buzzi* and *Paul J. Donaldson*, all of Wichita, for the appellants.

*Ray McCombs*, of Ness City, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This was an action in partition of eleven quarter sections of land—1,760 acres—in Ness county. Some of the defendants demurred to the petition, their demurrers were overruled, and they have appealed.

From the petition it appears plaintiff is the owner, by inheritance, of an undivided one-sixth of all the land, subject to the rights of the holder of a certificate of purchase issued as the result of a judicial sale in an action to foreclose a second mortgage on all the land, the period of redemption having not expired; also, subject to a first mortgage on all the land which has not been foreclosed; also, subject to the rights of the holders of about 37 mineral deeds for

various quarter sections of the land executed by prior owners of the real property, and conveying fractional shares of all oil, gas, or other minerals in and under the land described, or that may be produced therefrom, for a limitation of time varying from 15 to 25 years. The grantees of the respective mineral deeds have conveyed fractional shares of their rights thereunder to various persons so that now there are about 175 owners of various fractional shares, all of whom are named among the parties defendant. None of these parties has any title to or interest in any of the land, except the one or more quarter sections described in the mineral deed under which he holds. Several of these mineral deeds were executed prior to the execution of the first mortgage now on the land. Others have been executed since that time. Also, there is an oil and gas lease covering the land.

The petition, necessarily lengthy, sets out in much detail the respective shares or interests each of the parties has in or to the real property, or some part thereof, and how such share or interest arose. There has been no oil production on any of the land. It contains the prayer usual in an action for partition, namely, that the interest and shares of the respective parties be found by the court and that the real property be partitioned among them in kind, if that can be done without manifest injury, and if not, that the property be sold and the proceeds divided. There is no real contention the property can be divided in kind. The real purpose of the action is to have the shares of the parties determined and valued, the property appraised and sold, and the proceeds used to redeem from the foreclosure of the second mortgage, and to pay the first mortgage, and that the remainder, if any, be divided among the parties to the action in proportion to their respective shares or interests as found by the court.

Two groups of defendants demurred to the petition upon the grounds that as to them the petition does not state a cause of action, and that several causes of action are improperly joined. One group of defendants so demurring were the owners of shares under the mineral deeds executed prior to the execution of the first mortgage on the premises. As to these defendants it is clear that their interests in the property should not be sold to satisfy either of the mortgages on the real property. The other group of demurring defendants have shares under the mineral deed executed after the execution of the first and second mortgages above mentioned. Their

rights necessarily are subject to the mortgages and perhaps are barred by the foreclosure of the second mortgage, unless redemption from the sale is made.

It is clear that a defendant holding interests under one of the mineral deeds is not a tenant in common with the holder of similar interests under another deed describing other land even though the grantors were the same in the two deeds.

Eliminating for the moment the mortgage on the land, and the second mortgage which has been foreclosed, the principal question argued is: Can plaintiff compel partition as against the owners of the interests under the mineral deeds? Each of the mineral deeds executed by the owners in fee of the property conveyed a fractional share (a one-half in most of them) of all the oil, gas, or other minerals in or under the land described. The grantors of those deeds remained the owners of the other one-half of the minerals and of all surface and other interests in the land, for the reason they had not conveyed them. Plaintiff, by inheritance, became the owner of an undivided one-sixth of all those interests which had not been conveyed by the mineral deeds, and this included an undivided one-twelfth of the oil, gas and other minerals in or under the land. The question of whether one in such a situation can maintain partition against the holders of interests under such mineral deeds over their objection was before this court in *Fry v. Dewees*, 151 Kan. 488, 99 P. 2d 844. There, after careful consideration, the court held such partition cannot be enforced. While in that case there had been oil production on part of the land and in this case there has been no such production, and there are some other differences in the facts, the legal principle on which the right to partition depends is the same in both cases. We have reëxamined the question with the aid of the arguments and briefs of counsel and find no reason to change our views. Neither is there any reason for an extended rediscussion of the matter.

The result is that the demurrers of appellants should have been sustained, and the judgment of the court below must be reversed. It is so ordered.