No. 36,094

A. T. SPIKES, *Appellee*, v. MAGNOLIA PETROLEUM COMPANY, *Appellant*.

(149 P. 2d 848)

Opinion filed June 10, 1944.

*Joseph G. Carey, W. F. Lilleston, George C. Spradling* and *Henry V. Gott*, all of Wichita, were on the briefs for the appellant.

*Robert C. Foulston, George Siefkin, Samuel E. Bartlett, George B. Powers*, all of Wichita, and *J. S. Brollier*, of Hugoton, were on the briefs for the appellee.

The opinion of the court was delivered by

SMITH, J.: This was an action to partition mineral interests under a quarter section of land. Judgment was for plaintiff. Defendant appeals.

The petition alleged the residence of plaintiff and that defendant was a corporation authorized to do business in Kansas. The petition then alleged that plaintiff and defendant, as tenants in common, were the joint owners in equal shares of all the oil, gas and other minerals under the quarter section of land in question; that plaintiff and defendant were constructively in possession of this oil and gas; that no exploration had been had and that no reason existed why this oil and gas should not be partitioned and that plaintiff was desirous of having it partitioned.

The prayer was for commissioners to be appointed to partition the minerals in severalty or if that could not be done without manifest injury, then that the mineral rights be sold.

The answer of the defendant set up a copy of the mineral deed by which it acquired a one-half interest in the oil and gas in question from plaintiff's predecessor in title as well as certain contractual rights. The answer further alleged that defendant was the owner of an oil and gas lease on the land in question executed by people who owned the fee simple title to the real estate except a half interest in the oil and gas owned by defendant, and that all the rentals had been paid so the lease was a valid and subsisting one.

In his reply plaintiff admitted all these allegations but denied that the execution, delivery and validity of the lease constituted a defense.

Plaintiff filed a motion for judgment on the pleadings.

When this motion came on to be heard the parties stipulated that the court might consider as a matter of fact in passing upon plaintiff's motion that the land was located in the Hugoton gas field and was, therefore, in a proven field and that plaintiff and defendant were the joint tenants in common in equal shares of all the oil and gas and other minerals under the real estate, and that the defendant was the owner of all the property and rights conveyed to it in the mineral deed to which reference has been made.

The trial court sustained the motion of plaintiff for judgment on the pleadings. Judgment was that the property described in the petition should be partitioned; that the plaintiff and defendant were the owners in equal shares of the oil, gas and other minerals under the real estate in question. Commissioners were appointed to partition it and the usual order as to sale was made.

The question is whether the plaintiff being the owner of an undivided one-half interest in the oil and other minerals underneath

the real estate subject to the lease in the hands of the defendant is entitled to have the minerals partitioned as against the owner of the other undivided one-half interest, and of an oil and gas lease on all of the real estate.

The deed which conveyed an undivided one-half interest in the minerals to the defendant gave it power to make mineral leases covering all the minerals under all the land in question and the exclusive right to install, maintain and operate pickup stations as well as other rights.

Appellant points out that none of these powers or rights is incident to the ownership of one-half of the minerals in place but, on the contrary, exceed the rights of a mere tenant in common of only one-half of the minerals in place, and furthermore that it had the right to develop the whole quarter as one unit.

We dealt with this question in the case of *Fry v. Dewees,* 151 Kan. 488, 99 P. 2d 844. In that case there were some questions that had to do with the conveyances by which the tenants in common of the mineral interests received their interests. The outcome of the case in the main, however, turned upon whether the owner of an undivided interest in the minerals in place had a right to compel partition among the tenants in common of the mineral rights. We there made an exhaustive examination of the authorities.

We noted G. S. 1935, 60-2114. That section provides as follows:

"The court shall have full power to make any order not inconsistent with the provisions of this article that may be necessary to make a just and equitable partition between the parties, and to secure their respective interests."

We pointed out that under that section the question of partition should be examined as to whether or not the judgment asked was an equitable one.

Our conclusion in that case may best be stated by reference to two paragraphs of the syllabus. We held there:

"As a general rule, a tenant in common of a fee-simple estate in real property is entitled to partition as a matter of right. Such right, however, is subject to the full power of the court to make a just and equitable partition between the parties and to secure their respective interests.

"Where owners of an entire estate convey to others for a limited term an interest in oil, gas and minerals in place, and in such as may be produced under oil and gas leases to which the conveyances are subject, and there has been exploration for and production of oil under such leases, the rights in and to production are inextricably bound up with mineral rights, and one tenant in common may not compel partition of the mineral interests as a matter of right." (Syl. ¶¶ 4, 6.)

Appellee recognizes the force of the above decision, but argues that it should be distinguished from this case because in that case the parties did not own like estates and were not co-tenants in all the property involved; there had been production under the lease making it inequitable to allocate specific portions to specific persons, and there had been an actual partition by agreement between the parties and the owners of the producing lease.

We are unable to follow the argument of plaintiff in this respect. In the first place we followed and approved the decision in *Fry v. Dewees,* supra, and in *Drake v. Drake,* 153 Kan. 56, 109. P. 2d 77. In that case there had been no production as is the case here. However, we held the same legal principles applied as controlled the Fry case and held that partition should not be ordered.

The judgment of the trial court is reversed with directions to enter judgment for the defendant.