No. 41,174

F. W. Strait, *Appellee* and *Cross-Appellant,* v. Perry Fuller, Axel A. Linn, W. S. Norris and J. Herb Wilson, *Appellants;* B. B. Gage, Norman Coleman McCubbin and Lucille McCubbin, Delbert Miller and Charlotte M. Miller, L. E. Haughey, E. R. Gelvin, Ray Reagle, Carl H. Ruff, *Defendants.*

(334 P. 2d 385)

Opinion filed January 24, 1959.

W. S. Norris, of Salina, argued the cause, and was on the brief *pro se* and for appellants A. A. Linn and J. Herb Wilson.

*Eugene H. Linville,* of Salina, argued the cause, and *Sanford Manker,* of Salina, was with him on the brief for appellant Perry Fuller.

*J. B. McKay,* of El Dorado, argued the cause, and *James B. McKay, Jr.,* of El Dorado, was with him on the brief for the appellee.

The opinion of the court was delivered by

JACKSON, J.: This was a suit to partition an oil and gas leasehold estate described in the petition. After motions to make the petition more definite and certain had been disposed of, some of the defendants filed demurrers to the amended petition. The demurrers raised the sole question that the amended petition did not state facts sufficient to constitute a cause of action in favor of the plaintiff. The district court entered an order overruling the demurrers, and the demurring defendants appeal.

It should be noted immediately that the petition in question alleges no special reasons for equitable relief, but merely alleges that plaintiff is the owner of an undivided 7/32 interest and that the defendants all own undivided interests, as set out, in the mineral leasehold estate; that the parties do not hold adversely to each other and that the leasehold estate is subject to partition.

This is the first appeal which has reached this court since the amendment of G. S. 1949, 60-2101 by L. 1953, ch. 276, § 6. The amended statute now appears as G. S. 1957 Supp. 60-2101 and reads as follows:

"When the object of the action is to effect a partition of real property *or an estate or interest created by an oil, gas or mineral lease or an oil or gas royalty,* the petition must describe the property and the respective interests of the owners thereof, if known."

The 1953 amendment added the words italicized to the original statute.

This court has held consistently since *Kinkead v. Maxwell,* 75 Kan. 50, 88 Pac. 523, that the owners of an undivided interest in real estate were entitled to partition as a matter of right. The court's decisions relating to personal property, and particularly to interests in oil and gas leases or royalty, have been quite different. In *Beardsley v. Gas Co.,* 78 Kan. 571, at 575, 96 Pac. 859, the opinion states:

"It has been held that a tenant in common of real estate is entitled to partition as a matter of right. (*Kinkead v. Maxwell,* 75 Kan. 50, 88 Pac. 523; 21 A. & E. Encycl. of L. 1146; *Martin v. Martin,* 170 Ill. 639, 48 N. E. 924, 62 Am. St. Rep. 411.) *The statute seems to confer this right. It prescribes the necessary averments of the petition, and when the prescribed allegations*

*are stated the pleading necessarily states a good cause of action.* If the property sought to be partitioned is not real estate, then the petition must state facts showing sufficient reason for equitable interference." (Italics supplied.)

Following the holding in the Beardsley case, this court denied partition as to oil and gas interests in *Fry v. Dewees,* 151 Kan. 488, 99 P. 2d 844; *Drake v. Drake,* 153 Kan. 56, 109 P. 2d 77; *Spikes v. Magnolia Petroleum Co.,* 158 Kan. 659, 149 P. 2d 348, in the absence of allegations of special reasons for the intervention by a court of equity to make partition.

The question of partition of oil and gas interests was re-examined again in the case of *Holland v. Shaffer,* 162 Kan. 474, 178 P. 2d 235, and the majority of the court held that a petition seeking partition of undivided interests in the fee title to oil and gas in place, owned separate and apart from the surface rights, was sufficient under section 60-2101 and 60-2102 without allegations pertaining to special facts necessitating partition. The court pointed out that such oil and gas interests constituted real property and said:

"It is true our statute specifies what shall be stated in a petition for partition of real estate. But the statute is only procedural in character. The statute does not say partition of real estate shall be granted *as a matter of right,* Courts of equity have evolved that rule. Our partition statute makes no attempt to deny to courts the power to consider defenses to such an action. In fact the statute does not deal with defenses to partition actions at all. It would therefore appear courts of equity retain their inherent power to consider defenses which would prevent the remedy of partition from becoming an instrument of fraud and oppression. In a carefully reasoned opinion in *Wolfe v. Stanford,* 179 Okla. 27, 64 P. 2d 335, it was held:

" 'Generally, the right of partition is absolute, but in connection with the partition of oil and gas rights, the court is vested with sufficient discretion in denying or awarding relief to prevent the remedy from becoming an instrument of fraud or oppression. The prevention of partition upon this ground is a matter of defense to be pleaded and proved as such.' (Syl. ¶ 3.)" (p. 482.)

It should be noted that in *Holland v. Shaffer,* supra, there was no production at the time of the partition suit, and that this court has always defined both leasehold interests in oil and gas leases and royalty interests as personal property, see cases cited *supra.*

The decision in *Holland v. Shaffer,* supra, was adhered to by the court in *Gillet v. Powell,* 174 Kan. 88, 254 P. 2d 258, and see *Shell Oil Company v. Seeligson,* 231 F. 2d 14.

Before considering the effect of the 1953 amendment to section 60-2101, it may be of some interest to consider the decisions of the Supreme Court of Oklahoma. It is well known that the Code

of Civil Procedure of Oklahoma was adopted from the code of our own state. The provisions of the first section of the Oklahoma Code relating to partition, and appearing as 12 Okl. St. Ann. § 1501, are identical to G. S. 1949, 60-2101.

It will be noted that the case of *Wolfe v. Stanford*, 179 Okla. 27, 64 P. 2d 335, cited in the quotation from *Holland v. Shaffer*, supra, is the decision in which the Supreme Court of Oklahoma, after due consideration, refused to adhere to the construction of the statute as made in *Beardsley v. Gas Co.*, supra. In referring to the Beardsley case and a prior Oklahoma case, *Clark v. Mercer Oil Co.*, 139 Okla. 48, 281 Pac. 283, which followed the Beardsley case, the Oklahoma court said in part:

"In Clark v. Mercer Oil Co., supra, it is stated as a rule of pleading that such additional allegations are necessary when partition is not available under the statute. The rule is subject to grave doubt. It was adopted from the Kansas case of Beardsley et al. v. Kansas Natural Gas Co., 96 P. 859, wherein it was announced without supporting authority. The theory of the Kansas court was that the right to partition property under the statute was absolute, whereas the right to partition in equity was not. The absolute nature of the right to partition had been previously recognized by the Kansas court in Kinkead v. Maxwell et al., 75 Kan. 50, 88 P. 523. This case was cited in the Beardsley Case as establishing the absolute nature of the right under the statute. But in the Beardsley Case the important fact was overlooked that the absolute nature of the right was not recognized in the Kinkead Case in consideration of the wording of the statute or the nature of the remedy. It was, on the contrary, based upon the generally recognized rule independent of the statute, and the principal supporting authority was an Illinois *equity* case of Martin v. Martin (Ill.) 48 N. E. 924, 62 A. S. R. 411 (in which the general rule was recognized, but the existence of exceptions noted). See, also, Hill v. Reno, 112 Ill. 154, 54 Am. Rep. 222. Thus the Kansas court said, in effect, the right *is absolute* under the statute because *it is absolute in equity;* then later, that the right of partition though absolute under the statute, *is not absolute in equity.* Upon consideration of the asserted difference in the right, a different rule as to the facts necessary to be pleaded was adopted, and particular application of the rule was made to personal property. In Clark v. Mercer Oil Co., supra, we said the rule should be applied to oil and gas leases, regardless of their classification as personal or real property. In bringing the rule to this state, we overlooked a prior contrary declaration by this court that the right to partition personal property in equity independent of the statute is generally absolute. Julian et al. v. Yeoman, 25 Okla. 448, 106 P. 956.

"Independent of the Beardsley Case from Kansas and our own Clark v. Mercer Oil Co. Case, it is generally recognized, both under statutes regulating partition and equity independent of statute (in the absence of legislation requiring particular averments), that the right to partition property is absolute and a pleading seeking partition is sufficient as a matter of law if it states facts from which .the court can see that the parties are cotenants. 20 R. C. L.

760, par. 42; 47 C. J. 288; Pomeroy's Equity Jurisprudence, vol. 5, par. 2130; 47 C. J. 408; 20 R. C. L. 742, par. 8. See, also, the Illinois cases cited, supra, and authorities therein reviewed."

The Wolfe case has been followed in the following subsequent Oklahoma cases: *Sweeney v. Bay State Oil & Gas Co.*, 192 Okla. 28, 133 P. 2d 538; *Colonial Royalties Co. v. Hinds*, 202 Okla. 660, 216 P. 2d 958; and *Williams v. Neal*, 207 Okla. 552, 251 P. 2d 785.

We believe it fair to say that it would seem that the authorities as to the right to partition under the general rules of equity do not show any different requirements in stating a cause of action as to personal property as contrasted with the requirements for stating a cause for partition of real property (Freeman, *Cotenancy & Partition*, 2d ed., p. 555, § 426; 40 Am. Jur. 86, § 104; 68 C. J. S. 39, § 24).

It might be noted, however, that under the rules of equity pleading as administered by the separate courts of chancery, it was the general practice for the plaintiff to plead as fully as possible all matters pertaining to his cause of action. The reason for this procedure was that under the equity practice defendant was required to answer each allegation in plaintiff's bill of complaint under oath. Thus, by pleading fully, plaintiff was able to obtain a statement from the defendant which was binding upon him on many issues at the trial. This was one of the ancient means of discovery. (See Scott & Simpson, *Cases and Other Materials on Civil Procedure*, p. 165, *et seq.*) But there is no showing that this procedure applied in any greater extent to partition of personal property than it would if the property involved were real estate.

The action of partition is referred to in our code of procedure in article 21 of chapter 60. Although those sections have been referred to in some of the cases as creating a statutory action, they in effect give no actual cause of action, but merely provide certain rules as to the maintenance of an already existing cause of action. (See *Holland v. Shaffer*, quoted *supra*.) That cause of action at the time of the adoption of our code of civil procedure existed only in equity.

It may be noted that anciently, there once existed a writ for partition at common law, but that the relief in the law courts was clearly inadequate and very early a concurrent jurisdiction over partition was asserted by the chancery courts. Some three hundred or more years ago, the power to issue a writ for partition at law was repealed by parliament, and the jurisdiction in the courts

of chancery over partition became exclusive. (See Freeman, *Cotenancy & Partition*, 2d ed., p. 540, § 420; *idem*, p. 548, § 423 *et seq.*, and *idem*, p. 555, § 426.)

The above account of the historical background of section 60-2101 of our code and of the action of partition has been given in hope that it will help in determining the effect of the 1953 amendment to section 60-2101. It must appear that the legislature desired to make the rules pertaining to oil and gas interests as nearly similar to those pertaining to real property as possible. This purpose becomes even clearer when it is shown that Chapter 276 of the Laws of 1953 amended not only the section of the code with reference to partition, but also sections 60-501, 60-502, 60-510 (venue), section 60-1801 (quiet title), and section 60-2001 (ejectment). In each of these sections, words were inserted so that they should govern oil and gas interests as well as real property. It should be remembered that such oil and gas interests grow out of and are intimately connected with land and are certainly of the nature of that type of property sometimes known as chattels real. Thus the legislature had reasonable motives in deciding that they should be given the same treatment as real property.

Actually the question in this case would appear solvable by either one of two alternative courses. First, the legislature would seem to have been justified in accepting this court's definition of section 60-2101 in *Beardsley v. Gas Co.*, supra, to the effect that the section, in and of itself, gave the right to partition real property upon the filing of a petition alleging the facts therein specified. Such an understanding by the legislature being reasonable, it would then be appropriate for the legislature to believe that by inserting words pertaining to oil and gas interests into the section, partition would thereafter be maintainable by mere compliance with the statute.

On the other hand, if it were to be decided that a critical consideration of the matter shows that even as to stating a cause of action for the partition of real property, the general law as announced by the courts of equity must be considered as well as section 60-2101 of the code—see *Holland v. Shaffer*, supra—we would be required to do the same in the case of personal property. But in considering the general equitable principles in determining whether or not the instant petition is sufficient to state a cause of action, we must confess that we have found no authority which would support the prior

decisions to the effect that special reasons must be pleaded to state a cause of action for the partition of personal property or of interests in oil and gas property. (*Wolfe v. Stanford,* supra, and other authorities cited.) Under such a view of the basic authorities, the petition should have been sufficient even prior to the amendment of the statute.

Therefore, regardless of which of the two alternatives the court wishes to accept, the amended petition in the instant suit was sufficient under the provisions of section 60-2101, as amended.

This court has in the past been especially fearful of fraud and overreaching in suits involving partition of oil and gas leasehold estates. Courts of equity down through the ages have always been open to those against whom fraud and overreaching is attempted. These matters may be raised by the defendants by way of answer if such issues should exist (*Holland v. Shaffer* and *Wolfe v. Stanford,* supra.) Modern courts have all the power necessary to deal with such matters. It may be noted that even partition of real estate may be denied where in fact such a decree would be inequitable and against good conscience. (*Brown v. Lutheran Church,* 23 Pa. St. 495; and see also *Coleman v. Coleman,* 19 Pa. St. 100, 57 Am. Dec. 641.)

All other matters raised by the parties have been fully considered, including appellee's cross-appeal, but require no comment. The orders of the district court appealed from herein must be affirmed.

It is so ordered.