(636 P.2d 195)

No. 52,608

RENETTA S. WITT, *et al., Appellees,* v. ALBERTA DEINES SHEFFER, *et al., Appellants.*

Opinion filed November 19, 1981.

*Robert L. Earnest,* of Russell, and *Marvin E. Thompson,* of Thompson & Arthur, of Russell, for the appellants.

*Norbert R. Dreiling,* of Dreiling, Bieker & Kelley, of Hays, for the appellees.

Before JUSTICE HERD, presiding, SWINEHART, J., and LEWIS L. MCLAUGHLIN, District Judge Retired, assigned.

HERD, J.: This is an action for partition of oil, gas and other minerals in place under a quarter section of land in Russell County. The trial court granted partition. This appeal followed.

The facts are undisputed. Appellees own a total of 220/320ths of the mineral estate in fee and have the reversionary right to the other 100/320ths. Appellants own a total of 100/320ths of the minerals for a primary term of fifteen years from September 15, 1935, and so long thereafter as oil or gas is produced from the premises. Appellants' term minerals were perpetuated by production of oil on the northeast ten acres of the quarter section. Appellees sought partition of only the non-producing 150 acres. The appellants asked that the other ten acres be included. The court ordered partition of the entire 160 acres. This appeal is from that order.

The first issue on appeal is: Did the court err in granting

partition where appellees, as tenants in common of oil, gas and mineral interests in land, own an undivided portion thereof in fee simple, together with all reversionary rights, and the appellants own term interests therein?

Three different qualities of the mineral estate are involved here: 1) the appellees' fee simple interests; 2) the appellants' term interests, and 3) the appellees' reversionary interests. Appellants contend partition of these three qualities of mineral estate is inequitable as a matter of law.

Some background regarding the nature of partition will be helpful in understanding this issue. In *Miller v. Miller,* 222 Kan. 317, 320, 564 P.2d 524 (1977), the court stated:

> "Partition provides a method whereby two or more persons who own property together may put an end to the multiple ownership, so that each may own a separate portion of the property or, if a division in kind is not feasible, the property may be sold and each owner given an appropriate share of the proceeds. It is said to be a right much favored in the law because it secures peace, promotes industry and enterprise, and avoids compelling unwilling persons to use their property in common. 59 Am. Jur. 2d, Partition, sec. 3, p. 773. The right of partition is said to be an incident of common ownership. 68 C.J.S., Partition, sec. 21, p. 33."

The same general idea was earlier set forth in *Holland v. Shaffer,* 162 Kan. 474, 480, 178 P.2d 235 (1947):

> "Ordinarily . . . a cotenant . . . is entitled to partition, as a matter of right. The right of partition is considered an incident of common ownership. It is based on the equitable doctrine that it is better to have the control thereof in one person than in several who may entertain divergent views with respect to its proper control and management. The general rule therefore is that all property capable of being held in cotenancy is subject to partition by judicial proceedings, the partition being either in kind or by appraisal and sale."

Thus, partition proceedings contemplate an absolute severance of the individual interests of each joint owner and after partition each has the right to enjoy his estate without supervision, let, or hindrance from the other. 59 Am. Jur. 2d, Partition § 3, p. 773. Since an interest in oil and gas in place constitutes an interest in real estate, partition of a mineral estate is proper.

What then of partition in a case such as this, where appellees own a part of the mineral estate in fee and have reversionary rights to the other part and the appellants own term interests in part of the mineral estate?

Again it must be emphasized that the issue before the court is one of law and not fact. If it is at all possible to equitably partition

such interests in a mineral estate this court must disregard the particular facts of this case and assume the trial judge will adapt the judgment to the facts. In a partition action the trial court, sitting as a court of equity, has the discretion to adapt its judgment to the particular circumstances presented and to prevent the remedy from becoming an instrument of fraud or oppression. See *Shell Oil Company v. Seeligson,* 231 F.2d 14, 17 (10th Cir. 1955); *Holland v. Shaffer,* 162 Kan. at 482; *Ames v. Ames,* 170 Kan. 227, 230, 225 P.2d 85 (1950); *Stratmann v. Stratmann,* 204 Kan. 658, 661, 465 P.2d 938 (1970).

It is the cotenancy in the property that gives the right to compulsory partition. Thus there must be unity of possession and each tenant must have the right to occupy the whole with his cotenants. See *Fry v. Dewees,* 151 Kan. 488, 493, 99 P.2d 844 (1940). Because of this, a person will not be allowed to maintain partition proceedings unless he has an estate in possession. 59 Am. Jur. 2d, Partition § 31, pp. 793-94. Clearly appellees here have a possessory estate, the fee simple title to 220/320ths of the mineral interest. Appellees also have a non-possessory estate in the reversionary rights to the other 100/300ths, but the fact that appellees have an indefeasible estate in fee simple in one undivided share allows them to subject all interests in the estate to partition. See 2A Powell on Real Property ¶ 291, p. 547 (1977).

Appellants are mainly concerned that the parties involved have different qualities of interest in the mineral estate. According to 59 Am. Jur. 2d, Partition § 31, p. 794:

"It is not essential to the right to partition that the cotenants shall have estates that are equal. One may have a term, another an estate for life, and another an estate in fee. All that is necessary is that they shall be cotenants of what is proposed to be partitioned."

The same qualities of interests held by the parties to this action were involved in the *Seeligson* case. Although it did not deal with the precise issue involved here, the court found no impediment to partition in the fact that plaintiffs' interest was a term mineral interest rather than a mineral interest in fee simple absolute. Similarly, there should, in theory, be no such impediment in the instant case since the "thereafter" clause in appellants' term interests indicates appellants each own an interest in fee simple defeasible. See 2 Williams & Meyers, Oil and Gas Law § 506.7, p. 618 (1981).

Appellants point to several Kansas cases for their proposition that mineral estate interests of the type involved here can never be subject to partition. Heaviest reliance is placed on *Fry v. Dewees,* 151 Kan. 488, Syl. ¶ 6:

"Where owners of an entire estate convey to others for a limited term an interest in oil, gas and minerals in place, and in such as may be produced under oil and gas leases to which the conveyances are subject, and there has been exploration for and production of oil under such leases, the rights in and to production are inextricably bound up with the mineral rights, and one tenant in common may not compel partition of the mineral interests as a matter of right."

Appellants' reliance on this case is misplaced. *Fry* involved two separate and distinct estates. There, the court denied partition because the title to the oil and gas in place as well as title to the lease and royalty interests were involved, the later interests being treated as personal property and not subject to partition. See *Fry v. Dewees,* 151 Kan. at 496. This was before the enactment of K.S.A. 60-1003, which allowed partition of royalty and lease interests. The court did not consider the difficulty of making a fair division of the oil and gas in place in the land as a reason for denying partition. See also *Spikes v. Magnolia Petroleum Co.,* 158 Kan. 659, 149 P.2d 348 (1944); and *Drake v. Drake,* 153 Kan. 56, 109 P.2d 77 (1941). *Strait v. Fuller,* 184 Kan. 120, 334 P.2d 385 (1959), is mentioned by appellants. That case merely involved the pleading requirements in a partition action.

*Holland v. Shaffer,* 162 Kan. 474, is also cited. Again, that case discusses pleading requirements in partition. It further reiterates the equitable powers of the trial court in such an action.

The final issue is whether the trial court erred in including the leased ten acres in its order of partition. *Fry v. Dewees* is authority for the trial judge's excluding the ten acres covered by the oil and gas lease in order of partition. The inclusion of the leased ten acres brings two separate and distinct estates into the suit—the mineral estate and the leasehold estate. The holding in *Fry* disallows this. The court's concern in that case was the fact that rights in both real and personal property were involved and that the code of civil procedure did not control partition of personal property. See *Fry* at 496-97.

Although interests in an oil and gas lease are still considered personal property, *Reese Enterprises, Inc. v. Lawson,* 220 Kan. 300, 310, 553 P.2d 885 (1976), subsequent developments arguably distinguish *Fry v. Dewees.* The Kansas Code of Civil Pro-

cedure now governs partition of oil and gas leases. K.S.A. 60-1003(*a*) states that the petition in such a partition action shall have the same requirements as a petition for partition of real estate. The purpose of this amendment, according to the court in *Strait v. Fuller* was to "make the rules pertaining to oil and gas interests as nearly similar to those pertaining to real property as possible." 184 Kan. at 125. Thus, even though *Fry v. Dewees* has not been overruled, the basis for that decision has been removed. Personal and real property interests in oil and gas are now treated the same for the purposes of partition.

*As a matter of law,* partition of the mineral estates under the unleased 150 acres was proper without question. Including the ten leased acres in the interests partitioned may have been error under the old Code of Civil Procedure and the rule in *Fry v. Dewees.* Now, however, for the purposes of partition, interests in an oil and gas lease are treated the same as interests in real property under the Code. K.S.A. 60-1003. Thus, there is no reason the ten leased acres should not be included in this action. Indeed, the appellants asked for the inclusion of these ten acres in the court order. We hold it proper to include the entire 160 acres in the order of partition.

The judgment of the trial court is affirmed.