Nos. 56,673
56,674
56,675
56,676

LESTER W. MULSOW, *et al.*, *Plaintiffs-Appellees*, v. GERBER ENERGY CORPORATION, *et al.*, *Defendants-Appellees*, and PATRICK J. REGAN, *Defendant-Appellant*.

(697 P.2d 1269)

Opinion filed April 5, 1985.

*James J. McGannon*, of Regan & McGannon, of Wichita, argued the cause and was on the brief for appellant.

*J. B. Craig*, of Bachmann, Arnold, Graybill & Craig, of Wichita, argued the cause, and was on the brief for defendants-appellees A. L. Craig Carroll, James R. Craig, Joseph D. Craig, James Craig, Jr., Frederick M. Julian and Betty Jean Julian, Terry D. Meyer and Martin Oil Company.

*John E. Bohannon*, of Topeka, was on the brief for defendant-appellee Leon C. Smitherman, III.

The opinion of the court was delivered by

LOCKETT, J.: Plaintiffs brought four actions, which were later consolidated, for partition of oil and gas leases in which plaintiffs owned shares of the working interests. Plaintiffs did not request partition of the overriding royalty interests or the landowners' royalty interests. Appellant Regan filed a cross-claim and counterclaim against the other parties, praying that the overriding royalty interests be included in the partition. The trial court

denied the motion and partitioned the leasehold estates excluding the overriding royalty interests. Regan now appeals.

The plaintiffs in each case are owners of shares of the working interest in each lease. The parties and their respective interest ownership in the leases are not identical in each case. The named defendants in each case include all the other owners of the working interests in the subject leases, all the owners of overriding royalty interests carved out of the working interests in the leases, all the owners of the landowners' royalty interests in the leases, and all persons or entities who had liens filed of record against any interest in the leasehold.

Although all owners of interests in the leaseholds were joined as parties, the plaintiffs did not request partition of royalty and overriding royalty interests, but requested, if the leaseholds are partitioned and sold, that they be sold subject to the royalty and overriding royalty interests.

Regan, an owner of a one-eighth working interest in each of the subject leases, was named as a defendant in each of the four cases. Initially, Regan filed an answer admitting his ownership of a share of the working interest but praying that partition be denied and alleging that laches, waiver and estoppel barred the plaintiffs from the relief of partition. At the pretrial conference Regan asked the court for leave to amend his pleadings to assert a counterclaim and cross-claim, praying, if partition is granted, that the overriding royalty interests be included in the partition. The court directed Regan to file a formal motion for leave to amend, and he filed such with an attached proposed amended answer, counterclaim and cross-claim.

On August 16, 1983, the trial court issued its Memorandum of Decision and denied Regan's motion to amend. On February 13, 1984, the trial court issued its decision and ordered partition of the oil and gas leases in each of the four cases. In the journal entry, the court stated that "the overriding royalty interests in said leases shall not be included in the partition," and that "any sale of the leasehold estate shall be subject to such overriding royalties."

Regan filed a notice of appeal to the Court of Appeals. The Supreme Court, *sua sponte*, transferred the consolidated cases from the Court of Appeals to the Supreme Court.

The single issue raised is whether the trial court erred in ruling as a matter of law that the overriding royalty interests

carved out of the working interests in an oil and gas leasehold could not be included in the judgment for partition of the leasehold estate.

Regan argues that the Kansas partition statute, K.S.A. 60-1003, allows the partition of all oil and gas interests, including overriding royalty interests. The plaintiffs contend that 60-1003 is procedural and not substantive; that the right to compulsory partition is based upon cotenancy or joint ownership in property coupled with unity of possession and the right to occupy the whole with the cotenants; that the appellant is not a joint owner nor does he have the right of possession of the overriding royalty interest; and that he therefore should not have a right to partition.

K.S.A. 60-1003 provides in part:

"60-1003. **Partition.** (a) *Petition.* (1) When the object of the action is to effect a partition of personal or real property *or an estate or interest created by an oil, gas or mineral lease or an oil or gas royalty*, the petition must describe the property and the respective interests of the owners thereof, if known." (Emphasis supplied.)

The italicized words were added to the statute in 1953. See *Strait v. Fuller*, 184 Kan. 120, 334 P.2d 385 (1959). In *Strait* we stated that the legislature desired to make the rules pertaining to oil and gas interests as nearly similar to those pertaining to real property as possible. Oil and gas interests grow out of and are intimately connected with land and are certainly of the nature of that type of property sometimes known as chattels real. Thus the legislature had reasonable motives in deciding that they should be given the same treatment as real property.

While the statute specifies what should be stated in a petition for partition of real estate, the statute is only procedural in character. *Holland v. Shaffer*, 162 Kan. 474, 178 P.2d 235 (1947). The statute gives no actual cause of action, but merely provides certain rules as to the maintenance of a cause of action that previously existed in equity. See also *Hall v. Hamilton*, 233 Kan. 880, 667 P.2d 350 (1983).

Since 60-1003 is procedural and not substantive, we must consider whether Regan can request partition as a matter of right. In *Miller v. Miller*, 222 Kan. 317, 320, 564 P.2d 524 (1977), this court discussed at length the right of partition:

"Partition provides a method whereby two or more persons who own property

together may put an end to the multiple ownership, so that each may own a separate portion of the property or, if a division in kind is not feasible, the property may be sold and each owner given an appropriate share of the proceeds. It is said to be a right much favored in the law because it secures peace, promotes industry and enterprise, and avoids compelling unwilling persons to use their property in common. 59 Am.Jur.2d, Partition, sec. 3, p. 773. The right of partition is said to be an incident of common ownership. 68 C.J.S., Partition, sec. 21, p. 33.

"Justice Wedell, quoting from *Fry v. Dewees*, 151 Kan. 488, 99 P.2d 844, in *Holland v. Shaffer*, 162 Kan. 474, 178 P.2d 235, said:

" ' "As a general rule, a tenant in common of a fee-simple estate in real estate is entitled to partition as a matter of right. Such right, however, is subject to the full power of the court to make a just and equitable partition between the parties and to secure their respective interests." ' (p. 479.)"

The right to partition exists. Such right, however, is subject to the full power of the court and, where equity requires, the court may refuse to partition.

We now must consider whether the trial court correctly refused to allow Regan, the holder of an interest in the working interests of the oil and gas leases, to request partition of the overriding royalties to the leased property.

Under the four oil and gas leases, three separate types of ownerships arose:

(1) <u>The lessor's royalty interests.</u> The lessor's royalty interest is that part of oil and gas payable to the lessor by the lessee out of the oil and gas actually produced and saved. It is the compensation to the lessor provided in the lease for the lessee's privilege of drilling and producing oil and gas. *Cosgrove v. Young*, 230 Kan. 705, 642 P.2d 75 (1982).

(2) <u>The lessee's working interest.</u> The lessee's share of the oil and gas lease is termed the "working interest." It is the lessee's interest in oil and gas produced after deduction of the royalty paid to the landowner. The working interest owner bears the expense of exploration, drilling, and producing oil or gas.

(3) <u>Overriding royalties.</u> An overriding royalty is a royalty interest carved out of the working interest created by an oil and gas lease. It is an interest in oil and gas produced at the surface free from the expense of production and its outstanding characteristic is that its duration is limited by the duration of the lease under which it is created. *Cline v. Angle*, 216 Kan. 328, 532 P.2d 1093 (1975).

We have long recognized that the right of partition is an incident of common ownership. It is based on the equitable doctrine that it is better to have control of property in one person than in several who may entertain divergent views with respect to its proper control and management. The right to partition is much favored in law because it secures peace, promotes industry

and enterprise and avoids compelling unwilling persons to use their property in common. The general rule, therefore, is that all property capable of being held in cotenancy is subject to partition by judicial proceedings, the partition being either in kind or by appraisal and sale.

Both parties cite cases from other jurisdictions which have considered the question of partitioning overriding royalty interests in an action by a royalty owner or the holder of a working interest. We believe that the Kansas law is clear and a discussion of those cases will not be included.

Under K.S.A. 60-1003 it is clear that personal or real property and interests created by an oil, gas or mineral lease or an oil or gas royalty may be partitioned. It is not the kind of interest which determines whether property can or cannot be partitioned, but whether there is a cotenancy and a right to possession of the property or interest. Ordinarily a cotenant is entitled to partition, as a matter of right, and the right of partition is an incident of common ownership. All property capable of being held in cotenancy is subject to partition by judicial proceedings. For partition, however, there must be unity of possession and each tenant must have a right to occupy the whole with his cotenants. It is not essential to the right of partition that the cotenants shall have estates that are equal. All that is necessary is that they shall be cotenants of what is proposed to be partitioned. *Witt v. Sheffer*, 6 Kan. App. 2d 868, 636 P.2d 195 (1981), *rev. denied* 231 Kan. 802 (1982).

The *Witt* decision makes it clear that it is the cotenancy and a right to possession of the property or the interest which give the right to partition, whether it is real or personal property or an estate or interest created by an oil, gas or mineral lease or an oil or gas royalty. Cotenancy refers to the ownership of property by two or more persons in such a manner that they have an undivided possession or right to possession. The right of each cotenant to possession is the primary essential element of all cotenancies.

By definition, an overriding royalty interest has neither possessory rights in the leasehold nor does it share a tenancy in common with the lessor's royalty interest or the lessee's working interest. The nature of an overriding royalty is such that only when oil and gas are reduced to possession does the interest

attach. Prior to this event, an owner of an overriding royalty interest has no assertible right in the leasehold. Thus, an overriding royalty may be lost entirely by expiration of the primary lease since, absent fraud or breach of fiduciary relationship, the interest does not continue and attach to a subsequent lease secured in good faith by the lessee. Neither does an overriding royalty survive cancellation, surrender, abandonment resulting from diminution of production beyond economic feasibility, nor total failure to secure production in paying quantities. The coming into being of an overriding royalty owner's rights is dependent upon the happening of a future event or condition. Regan, as the owner of a working interest, could not compel partition of the overriding royalties.

There are some equitable reasons for allowing partition of an overriding royalty. Where the owner of the working interests attempts to defeat partition by carving nonpossessory overriding royalty interests out of the working interests, or creates an overriding royalty interest to stop development, drilling, or operation of a lease, partition may be an equitable necessity. Such is not the case here.

K.S.A. 60-1003 establishes the procedure to be followed in a partition proceeding; it does not purport to establish substantive rights to partition. It is the cotenancy in the property and the unity of possession of each tenant who occupies the whole with his cotenant that create the right to partition. Because of this, a person will not be allowed to maintain partition proceedings for an estate or interest created by an oil, gas or mineral lease or an oil or gas royalty unless he has an estate in possession.

The nature of an overriding royalty is such that only when oil and gas are reduced to possession does the interest attach. The overriding royalty interest does not create a cotenancy in the leasehold or a possessory interest. It is therefore not normally subject to partition by the owner of a royalty interest or a working interest.

The trial court, under the facts of this case, correctly determined that Regan, as the owner of a working interest, was not a joint owner or cotenant with individuals entitled to an overriding royalty. Regan therefore was not entitled to partition the overriding royalty interest.

The judgment is affirmed.